[No. 14638.   Department Two. — August 30, 1892.]

W. H. MAHONEY, RESPONDENT, v. O. S. BOSTWICK, APPELLANT.

96    53
a107  523
96    53
126   193
96    53
136   424
96    53
140   181
f140  465
96    53
d147  341

MORTGAGE — DEED ABSOLUTE IN FORM — PRESUMPTION — RULE OF EVIDENCE. — In an action in which it is charged that a deed absolute in form was intended as a mortgage, the presumption of law, independent of proof, is, that the instrument is what on its face it purports to be, — an absolute conveyance; and this presumption should be allowed to prevail in the mind of the trial judge, unless the evidence offered to show that the deed was in fact intended as a mortgage is entirely plain and convincing, and presents a case free from doubt.

ID. — QUESTION OF FACT — SUBSTANTIAL CONFLICT OF EVIDENCE — REVIEW UPON APPEAL. — Whether the evidence is of such character and strength as to produce a clear and satisfactory conviction that the deed was intended as a mortgage is a question of fact for the trial court to deter-

mine, and when the evidence is substantially conflicting, and the supreme court cannot see that the judge disregarded the rule of evidence applicable to such a case in making his findings, the findings must be allowed to stand upon appeal, under the rule governing cases of conflicting evidence.

ID. — WRONGFUL POSSESSION OF MORTGAGEE — LIABILITY FOR RENTS AND PROFITS — VALUE OF USE AND OCCUPATION — ACCOUNTING. — Where a mortgagee, under a deed absolute in form, wrongfully enters upon the land and ousts the mortgagor, he is liable to be charged for rents and profits precisely the same as any other disseisor would be, and may be charged with the rental value of the land, though occupied by himself in person, and is not entitled to an accounting to determine the amount actually realized over and above the necessary expenses of farming the land.

ID. — ALLOWANCE FOR IMPROVEMENTS. — In such cases the mortgagor is not required to account to the mortgagee for the value of improvements placed upon the land by the latter, under an assertion of title hostile to the mortgagor.

ID. — CONDITION OF REDEMPTION — PAYMENT OF DEBTS NOT LIENS UPON LAND. — The mortgagee cannot, as a general rule, require, as a condition precedent of redemption from a mortgage by deed absolute, the payment of any other debt not secured by the deed, and not a lien upon the land; and a right to recover the value of lumber delivered on the land by the mortgagee while the mortgagor was in possession, not made a lien on the land by agreement, and the amount of a mortgage on the growing crops for money advanced by the mortgagee to the mortgagor, cannot be required to be paid before the mortgagee is required to reconvey to the mortgagor.

ID. — MAXIM — DOING OF EQUITY — INDEPENDENT CONTRACT. — The maxim of equity jurisprudence, that he who seeks equity must do equity, only applies when the relief sought by the plaintiff and the right demanded by the defendant grow out of the same transaction, and does not apply where the demand of the defendant is based upon a contract separate and distinct from that which forms the subject of the action.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. L. Dudley, Baldwin & Campbell,* and *L. J. Maddux,* for Appellant.

To convert a deed into a mortgage, the evidence ought to be so clear as to leave no doubt that the real intention of the parties was to create a mortgage. (*Henley* v. *Hotaling,* 41 Cal. 22, 29; also *Tilden* v. *Streeter,* 45 Mich.

533; *Hopper* v. *Jones*, 29 Cal. 19; *Codman* v. *Peters*, 118 U. S. 73; *Knowles* v. *Knowles*, 86 Ill. 1; *Plumer* v. *Guthrie*, 76 Pa. St. 441; *Knight* v. *McCord*, 63 Iowa, 429; *Null* v. *Fries*, 110 Pa. St. 521; *Burger* v. *Dankel*, 100 Pa. St. 113; *Sloan* v. *Becker*, 34 Minn. 491; 6 Am. & Eng. Ency. of Law, 679.) The uncorroborated testimony of the grantor is not enough, and his contradicted testimony referring merely to conversations, and not to acts and facts, is insufficient. (*Knowles* v. *Knowles*, 86 Ill. 1; *Hancock* v. *Harper*, 86 Ill. 445; *Frink* v. *Adams*, 36 N. J. Eq. 485; *Howland* v. *Blake*, 97 U. S. 624.) The court erred in permitting the plaintiff to testify to the rental value of the land. (*Murdock* v. *Clarke*, 59 Cal. 683, 694; *Husheon* v. *Husheon*, 71 Cal. 407, 417; *Hidden* v. *Jordan*, 28 Cal. 301, 308.) The defendant cannot be held accountable for anything more than the actual rents and profits received by him. (*Husheon* v. *Husheon*, 71 Cal. 407, 417; *Hidden* v. *Jordan*, 28 Cal. 309.) The court erred in failing to allow in its decree anything for the necessary repairs made by the defendant while in possession, or anything for the improvements made by him at the request of the plaintiff. (*Hidden* v. *Jordan*, 28 Cal. 301, 309; 3 Pomeroy's Eq. Jur., sec. 1217; *Hosford* v. *Johnson*, 47 Ind. 479; *Adkins* v. *Lewis*, 5 Or. 292; *Harper's Appeal*, 64 Pa. St. 315; *Rowell* v. *Jewett*, 73 Me. 365.) The court erred in its decree permitting a redemption by the plaintiff without at the same time making some allowance or providing some means for the payment of the amount of money loaned upon the crops. (*De Cazara* v. *Orena*, 80 Cal. 132; *Booth* v. *Hoskins*, 75 Cal. 271; *Spect* v. *Spect*, 88 Cal. 437; *Brandt* v. *Thompson*, 91 Cal. 458.)

*Stonesifer & Minor*, and *W. E. Turner*, for Respondent.

The transaction was one of loan and security, and consequently the deed was intended as a mortgage. (Civ. Code, 2924; *Smith* v. *Smith*, 80 Cal. 324; *Husheon* v. *Husheon*, 71 Cal. 407; *Raynor* v. *Drew*, 72 Cal. 308, 309; *Booth* v. *Hoskins*, 75 Cal. 271; *Hall* v. *Arnott*, 80 Cal. 349; *Healy* v. *O'Brien*, 66 Cal. 518; *Montgomery* v.

*Spect*, 55 Cal. 352; *Farmer* v. *Grose*, 42 Cal. 171; *Sears*
v. *Dixon*, 33 Cal. 327; *Russell* v. *Southard*, 12 How. 139;
*Peugh* v. *Davis*, 96 U. S. 332.) The defendant obtained
possession without the consent and against the will of
the plaintiff. A mortgagee in possession under such cir-
cumstances is not entitled even to repairs, and more
especially not to improvements. (*Booth* v. *Baltimore
Steam Packet Co.*, 63 Md. 43–49; *Incorporated Society* v.
*Richards*, 1 Dru. & War. 334; *National Bank of Australa-
sia* v. *United Hand-in-Hand Co.*, L. R. 4 App. Cas. 408.)
The authorities cited by counsel are applicable only to
cases where the mortgagee was rightfully in possession,
and even then he is only entitled to necessary repairs,
and not for improvements; otherwise the mortgagor
might be improved out of his estate. (*Raynor* v. *Drew*,
72 Cal. 308, 312; *Beckman* v. *Wilson*, 61 Cal. 336; *Hidden*
v. *Jordan*, 32 Cal. 401; 2 Jones on Mortgages, sec. 1127;
2 Story's Eq. Jur., sec. 1016 b.)

De Haven, J. — The complaint in this action alleges,
among other matters, that in August, 1884, plaintiff was
the owner of the land therein described, and at that
date he executed to one William Inglis a deed thereof,
as security for money then advanced by said Inglis to
pay off a debt due from plaintiff to the Stockton Savings
and Loan Society, and which indebtedness was a lien on
said land; that upon February 5, 1885, the defendant,
by agreement with plaintiff, paid to said Inglis the
amount then due from plaintiff to Inglis, and plaintiff,
in consideration thereof, caused said Inglis to convey to
defendant the land which had theretofore been conveyed
by plaintiff to Inglis, and that at the time it was agreed
between plaintiff and defendant "that said deed, though
an absolute conveyance on its face, . . . . should be
treated and considered as a mortgage of said lands," to
secure the payment to defendant of the amount so paid
by him to Inglis, at the request of plaintiff.

The complaint further alleges, that thereafter the
defendant repudiated the agreement under which he re-

ceived the deed from Inglis, and claimed that the same was an absolute conveyance; and on October 6, 1885, he ousted plaintiff from the possession of said land, and has ever since withheld the possession thereof from plaintiff, and has kept and enjoyed all the rents and profits thereof.

The prayer of the complaint is, that the deed from Inglis to defendant be declared a mortgage to secure the repayment of the money loaned by defendant to plaintiff, and the interest thereon; and that the court ascertain the value of the rents and profits of the land while in possession of defendant, and credit the amount thereof upon the indebtedness which the deed was intended to secure, and that upon payment of the balance due defendant, he be required to convey such land to plaintiff.

The answer of defendant contained a specific denial of all these allegations, and also pleaded a former judgment in an action between the same parties as a bar.

The court below found all of the allegations of the complaint to be true, and also that plaintiff's cause of action was not barred by the former judgment referred to in the answer, and thereupon gave judgment in accordance with the prayer of the complaint, in which judgment the defendant was charged with the rental value of the land during the time he was in possession of the same, and was not allowed the value of certain improvements which he had placed thereon, or the amount of certain money advanced by him to plaintiff for the purpose of carrying on and improving the farm.

The defendant appeals from the judgment and an order denying his motion for a new trial.

There were many exceptions taken during the trial and preserved by the defendant in the bill of exceptions, which forms a part of the record before us, but only the grounds upon which he mainly relies for a reversal of the judgment and order require discussion here.

1. The appellant insists with great earnestness that the finding of the superior court, that the deed executed to defendant by Inglis was in fact intended as a mort-

gage, is not sustained by the evidence. But in our view, the evidence upon this material issue was conflicting in a substantial degree, and such being the case, under the rule which has often been declared by us, the finding of the trial court as to the fact must be allowed to stand. We fully agree with appellant that in actions of this charcter the presumption of law, independent of proof, is, that the instrument is what on its face it purports to be, — an absolute conveyance; and that this presumption should be allowed to prevail, unless the evidence offered to show that the deed was in fact intended as a mortgage is entirely plain and convincing. (*Henley* v. *Hotaling,* 41 Cal. 22; *Cadman* v. *Peter,* 118 U. S. 73; *Coyle* v. *Davis,* 116 U. S. 108; *Whitsett* v. *Kershow,* 4 Col. 419; 3 Pomeroy's Eq. Jur., sec. 1196.) But whether the evidence is of such character and strength as to produce this conviction is a question for the trial court to determine. (*Brison* v. *Brison,* 90 Cal. 323.) That court ought always to be governed, in weighing the evidence and reaching its conclusion as to the facts, by this rule, which requires the plaintiff, in an action like this, to present a case free from doubt, and unless the evidence is such as to leave in the mind of the trial judge a clear and satisfactory conviction that the instrument which in form is a deed was intended by all the parties thereto as a mortgage, the finding should be against the plaintiff. But we cannot say from the record which is before us that the superior court disregarded this rule in making its findings. The finding that the deed was a mortgage does not rest upon the uncorroborated testimony of the plaintiff himself.

2. It is claimed by appellant that the court erred in admitting evidence as to the rental value of the land, and in charging him with such value. In support of this contention, it is argued by appellants that he should only have been charged with the actual or net profits which he derived from the use and occupation of the land. It is unnecessary, in passing upon the question thus presented, to determine what would be the basis

upon which the account should be taken, in the absence of an express agreement as to the method, in the case of a mortgagee in possession with the consent of the mortgagor, and occupying himself, and not by a tenant. In this case the appellant's mortgage gave him no right to the possession of the mortgaged premises, and he did not take possession with the consent of the plaintiff. Upon this point the court finds that appellant wrongfully entered upon the premises and ousted the plaintiff from the possession thereof, and in such a case it is very clear to us that the appellant is liable to be charged for rents and profits, precisely the same as any other disseisor would be, and he is not entitled to any accounting to determine how much he may have actually realized from this wrongful occupation, after deducting the necessary expenses of carrying on the farm.

3. The court did not err in refusing to credit defendant with the value of the checks, ditching, and fencing placed by him on the premises while he was wrongfully in possession and holding adversely to plaintiff. The possession of defendant and all that he did upon the land were acts hostile to the title of plaintiff, and plaintiff is not required, in this action, upon any principle of law or equity, to account to defendant for the value of the improvements thus made by him. It is claimed, however, that the fences were built with the knowledge and consent of plaintiff. It does appear from the evidence that plaintiff intended to do this fencing, and that defendant, before plaintiff was ousted from possession, had delivered upon the land a part of the lumber which was afterwards used in the construction of the fence. If it should be assumed that this lumber was furnished by the defendant at the request of plaintiff, and that plaintiff had accepted the same and intended to build this fence with it, still this would not be sufficient to prove the fact contended for, that defendant after he took possession constructed this fence for plaintiff, and with his consent. The fence was constructed by defendant for himself, and in the assertion by him of a right to

exercise, adversely to plaintiff, dominion over the land upon which it was erected, and plaintiff cannot be made to pay for it, although it may appear that he would himself have built it if he had not been ousted from possession. If defendant has any right to recover from plaintiff the value of the lumber which was delivered on the land by defendant, while plaintiff was in possession, such right cannot be asserted here, as it was not furnished upon any agreement that the price thereof should constitute a lien upon the land, and the payment thereof to be deemed as secured by the mortgage deed held by the defendant.

4. The court below found that after defendant received from Inglis the deed already referred to, plaintiff executed to defendant a mortgage upon the crops to be raised upon the land during the year 1885, " as a further security to defendant for the payment to him, defendant, of such sum or sums as the defendant might thereafter advance to plaintiff, to farm or improve said premises, and as additional security for the payment by plaintiff of the amount paid by the defendant to Inglis " for plaintiff, and the court further found that defendant did advance to plaintiff " about the sum of eleven hundred dollars, for the purpose of farming and permanently improving said premises," and that plaintiff delivered to defendant all the grain raised on the ranch for the purpose of repaying the same, and the interest on the other loan made by plaintiff to defendant.

The court does not find that the eleven hundred dollars referred to was repaid defendant, or that the grain delivered to him was sufficient for that purpose, and the appellant insists that he is entitled to a credit for the amount of this debt, whatever it may be, in his account with plaintiff in this action, and that the court erred in not ascertaining the amount and providing in its judgment that the same should be paid before defendant is required to reconvey to plaintiff. We do not think the court committed any error in this respect. This indebtedness was not by agreement of the parties made a lien

upon the land, but on the contrary, the money seems to have been advanced by defendant upon an independent security, that is, upon a mortgage upon the growing crops.   The general rule is, that the mortgagee cannot require as a condition of redemption the payment of any other debt not a lien upon the land.   (Jones on Mortgages, sec. 1083.)

It is argued, however, that as the plaintiff is here seeking the aid of a court of equity, he should be compelled to do equity, but this maxim of equity jurisprudence only applies when the relief sought by plaintiff and the right demanded by defendant belong to or grow out of the same transaction.   It has no application where the demand of the defendant is based upon a contract separate and distinct from that which forms the subject of the plaintiff's action.   (1 Pomeroy's Eq. Jur., secs. 385, 387.)

The other matters referred to in the briefs of counsel do not require special discussion.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.