[No. 15508.    Department One.—March 12, 1895.]

## A. E. SHERMAN ET AL., APPELLANTS, v. CATHERINE SANDELL ET AL., RESPONDENTS.

TRUST—CONVEYANCE FROM HUSBAND TO WIFE—PRESUMPTION—CONFLICT-ING EVIDENCE AS TO ORAL TRUST FOR CHILDREN.—Where a husband, during a serious illness, executed a conveyance of lands to his wife in consideration of love and affection, and, after recovering from his illness, he and his wife sold and disposed of a large amount of the land, and there was no writing evidencing a trust for the children, the parties to the conveyance must be presumed to have intended the legal effect of the terms of the conveyance, unless it is clearly and satisfactorily shown by a preponderance of evidence that at the time of the conveyance there was an oral agreement that the land should be held in trust for the children, and where the evidence is conflicting as to such contemporaneous oral agreement, a finding that it did not exist is conclusive upon the appellate court.

ID.—SUBSEQUENT ORAL DECLARATIONS.—An absolute conveyance of lands cannot, after its execution, be turned into a trust by any subsequent oral declarations of the parties thereto.

ID.—IMMATERIAL FINDINGS AND RULINGS.—Where the court finds that the trust upon which the plaintiff's right of action depends was not created, issues as to whether the property was at the date of the instrument community property or separate property, or whether the defendant was improperly managing the property, or was under the undue influence of her husband, became irrelevant, and any error in the findings of the court upon this issue, or in its rulings as to the admission of evidence in their support, are immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ash & Mathews, W. H. L. Barnes,* and *W. J. Tuska,* for Appellants.

*George E. Lawrence,* and *Daniel Titus,* for Respondents.

HARRISON, J.—Plaintiffs are the daughters of the defendant, Catherine Sandell, formerly Catherine Bornheimer, and seek by this action a judgment declaring that certain lands were conveyed to and are held by her in trust for them; that she be restrained from mak-

ing any conveyance or other disposition of said lands, and that the court remove her from her office as trustee of said lands, and appoint another trustee in her place. Judgment was rendered in favor of the defendants, from which and from an order denying a new trial the plaintiffs have appealed.

In December, 1871, Francis Bornheimer was the husband of the defendant, Catherine Sandell, and, being sick and in the belief that he would not recover, executed to her a conveyance of several tracts of land in San Francisco, including those described in the complaint. The deed of conveyance is absolute in form, and purports to have been made in consideration of the love and affection of the grantor for his wife. Bornheimer, however, recovered from his illness, and continued to live with his wife until his death, upwards of eighteen years afterward, in February, 1890, and during this time he and his wife sold and disposed of a large amount of the land described in the deed of December, 1871. The present action was commenced in November, 1892. No writing evidencing the alleged trust is shown to have been made by either Bornheimer or his wife, but the plaintiffs sought to show the creation and existence of the trust by means of oral testimony only, consisting of declarations made by the parties to the instrument at the time of its execution, as well as before and subsequent thereto. The court found that the conveyance was not made upon any trust for the benefit of the plaintiffs, or either of them, and this finding is attacked by them as unsupported by the evidence.

It is well established that although a conveyance of lands is absolute in terms, and on its face purports to convey an estate in fee, it may nevertheless be shown that the lands are held by the grantee in trust; and that the terms of such trust may be shown by oral testimony. In order, however, that the lands so conveyed may be impressed with a trust, the trust must be created and its terms agreed upon by the parties to the instru-

ment at the time of its execution, or the instrument
must be executed in pursuance of such previous agree-
ment.   An absolute conveyance of lands cannot, after
its execution, be turned into a trust by any oral decla-
rations of the parties thereto.   The statute of frauds for-
bids the creation of a trust in real property by simple
verbal declarations of its owner, and a grantor cannot,
by any subsequent declarations, defeat the effect of his
deed.    It is also well established that the evidence
which will authorize a court to find that a conveyance
of lands which is absolute in terms was in reality made
upon a trust must be clear, satisfactory, and convincing;
that the parties to an instrument which is clear and
unambiguous in its terms must be presumed to have in-
tended the legal effect of those terms, unless it is clearly
and satisfactorily shown that it was their mutual in-
tention that those terms should have a different effect.
(*Mahoney* v. *Bostwick*, 96 Cal. 58; 31 Am. St. Rep. 175.
*Ensign* v. *Ensign*, 120 N. Y. 656.)   The burden of proof
to thus vary the terms of the instrument is upon the
party who claims contrary thereto, and he must estab-
lish his allegations by a preponderance of evidence.
If the verbal declarations are contradictory or uncer-
tain, the presumption that the instrument correctly
expresses the agreement between the parties is not
overcome.    This issue is purely one of fact, and is to
be determined by the trial court, and to the extent that
its determination rests upon the mere preponderance of
evidence, or upon the consideration of conflicting or
contradictory evidence, the finding of the trial court is
not open to review in this court.    (*Brison* v. *Brison,* 90
Cal. 334.)

The only direct evidence in support of the plaintiffs'
claim that the instrument was executed upon the agree-
ment that it should be held in trust for them is that of
Mrs. Broder, one of the plaintiffs, who testifies that she
was present at its execution, and heard declarations of
her father and mother to the effect that the property
was to be held in trust for the children.   Her testimony

was, however, contradicted by her mother, who also testified that Mrs. Broder was not present at the execution of the deed; and the notary who took the acknowledgment was unable to recall any conversation between the parties at the time the deed was executed, and also stated that, to the best of his recollection, the only parties present at its execution were Mr. and Mrs. Bornheimer and himself. There was also testimony to the effect that after the execution of the deed Mrs. Bornheimer had made statements regarding the property corroborative of the proposition that it had been conveyed to her in trust; but in her testimony she denied the making of these statements. It was also shown that Mr. and Mrs. Bornheimer had, after the execution of the deed, and during the lifetime of the former, mortgaged and made conveyances of different portions of the property covered by the deed, without any recognition of a trust therein, and that neither of the plaintiffs ever questioned their right to make such disposition; that neither of the plaintiffs had ever asserted an interest in the property until the institution of the present action; that in the year 1891, after the death of their father, in a verified petition to the superior court for the appointment of a guardian of their mother, on the ground of her incompetency, they had alleged that she was the owner of the property. Inasmuch as it was incumbent upon the plaintiffs to overcome the express terms of the instrument by such a preponderance of evidence as would satisfy the trial court that the agreement of trust contended for by them had in fact been made, we cannot say, in view of the foregoing facts, that the court was not justified in finding that they had failed to sustain their averment.

The plaintiffs' right of action depends wholly upon the existence of the trust alleged by them, and, when the court found that this trust had not been created, the issues whether the property was at the date of the instrument community or separate property, or whether the defendant is improperly managing the property, or is

under the undue influence of her husband, became irrelevant, and any error in the findings of the court upon these issues, or in the admission of evidence in their support, became immaterial.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.