[S. F. No. 3251.    Department Two.—May 31, 1905.]

## YNEZ PERALTA DE GALINDO, Appellant, v. MARINA AMADOR DE GALINDO et al., Respondents.

ACTION TO ENFORCE TRUST—FALSE REPRESENTATIONS—FINDING—SUFFICIENCY OF EVIDENCE—IMPROBABILITIES.—In an action to enforce a constructive trust in land deeded by plaintiff to the defendant, based upon alleged false and fraudulent representations of defendant's deceased husband inducing the deed to defendant, a finding that no false representations were made is not unsupported, notwithstanding plaintiff testified thereto, and was not positively contradicted, where her testimony was much weakened on cross-examination, and her conduct, which the court had a right to consider, showed long acquiescence and laches, and inherent improbabilities in her testimony, to which the principle is especially applicable that an absolute deed should not be held other than what it purports to be, except upon clear and convincing evidence.

ID.—COMPROMISE OF THREATENED CONTEST OF WILL—GIFT OF PROPERTY—FINDING—IMPROPER EVIDENCE—IMMATERIAL ERROR.—In view of the sustained finding that there were no false representations, it is not material that the court erred in finding in favor of an additional defense that the deed was executed in compromise of a threatened contest of a will, involving the property in dispute, upon which defendant and her husband were living, and which the latter claimed had been given to him by the testator; and it is not material that the only evidence supporting such finding was improper evidence of the declarations of the deceased husband.

ID.—NEWLY DISCOVERED EVIDENCE. — Newly discovered evidence not applicable to the material issue as to false representations in procuring the deed, is not ground for a new trial.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

John R. Glascock, for Appellant.

W. S. Tinning, for Marina Amador de Galindo, Respondent.

R. H. Latimer, for F. C. Gill, Respondent.

McFARLAND, J.—This is an action to establish an alleged trust in certain described land; to compel the defendant Marina to convey said land to the plaintiff; and to quiet title thereto as against all the defendants. The defendants other than Marina are made parties upon averment that they claim some interest in the property. The court made findings and rendered judgment in favor of defendants; and from the judgment and an order denying her motion for a new trial plaintiff appeals.

The plaintiff is the surviving wife of Francisco Galindo, deceased, who died testate on January 10, 1890, and she was the owner, as successor of said Francisco, of certain land, including that described in the complaint. Francisco left surviving him a son named John, by a former wife, and the defendant Marina is the surviving wife of said John, now deceased. John was nominated in the will of Francisco as executor and qualified and acted as such. On January 29, 1891, the plaintiff executed a deed to said Marina which on its face absolutely and unconditionally conveys the land described in the complaint in fee to said Marina. At the time of the execution of this deed Marina and her husband, John, were living on said land, and had been living there since before the death of said Francisco; and they continued to live there, using the land as their own until the death of John, which occurred on December 4, 1898, and the defendant Marina continued to so live there after the death of John. It does not appear that after her deed plaintiff asserted any interest in said land until after John's death. Several months thereafter, and between eight and nine years after the said deed to Marina, plaintiff commenced this action.

Plaintiff seeks to maintain the action upon averments which may be briefly stated as follows: She avers that she had confidence in said John, and was herself ignorant of business; that pending the administration of the estate of

Francisco, and while said John was acting as executor, he represented to her that the heirs of one Salvio Pacheco were claiming that a large part of the property of Francisco, including the land here involved, was held in trust by him for them; that said heirs were threatening to and about to commence legal proceedings to enforce said trust; that said proceedings would cause plaintiff great trouble and annoyance if she retained the title to said land in her own name; that he was familiar with business and legal proceedings, and that if she would convey the land to him he could manage the legal proceedings to better advantage and with less trouble to her than if she retained the title; and that if she would make the transfer to him he would hold and protect the property for her, save her all trouble in defending against the legal proceedings, and "would reconvey the property to her whenever she might demand the same." She further avers that these representations were false and fraudulent, and that he never intended to reconvey the property to her, but that, relying on these representations as true, and solely by reason thereof, she agreed to convey said property to him; that he had a deed prepared in which defendant Marina was named as grantee instead of said John; that she at first declined to make a deed to Marina, but it was represented by John that it would be safer and better to make the conveyance to his wife than to him, and that she would take the deed upon the same trusts and conditions as theretofore agreed upon between him and plaintiff; and that upon these promises she agreed to and did execute the deed to Marina, who she avers took with knowledge of the said conditions and trusts. The complaint is quite full of details, but the foregoing condensed statement of its contents is sufficient for a full consideration of the case. Its averments as to the false representations about the claims and threats of the Pacheco heirs, and considerations which induced plaintiff to execute the deed, are all denied in the answer.

The court found that the said John Galindo did not make any of the representations averred in the complaint. The findings on this subject are as follows:—

"2. That John C. Galindo did not, pending the administration of the estate of Francisco Galindo, deceased, or while he was the qualified or acting executor of said will in the

month of January, 1891, or at any other time, or at all, state or represent to the plaintiff that certain parties claiming to be the heirs of one Salvio Pacheco, deceased, or any other person or persons, were claiming that a large portion, or any portion of the property of said Francisco Galindo, or the property in said complaint described, was held by said Francisco Galindo in trust for them, or that neither said Francisco Galindo in his lifetime, nor any of his successors in interest ever had any beneficial interest in or to the property in said complaint described, or in or to any part thereof, or that the said heirs of said Salvio Pacheco were threatening to, or were about to commence legal proceedings to enforce such trust.

"That the said John C. Galindo did not on or about the date last aforesaid, or at any other time, further or at all state or represent to plaintiff that such legal proceedings would cause her great or any trouble or annoyance if she retained the title to said property in her own name, or that he was familiar with the facts concerning said property and the title thereto, and the claims of said heirs of said Salvio Pacheco thereto, or that he resided in said county of Contra Costa, where such legal proceedings would probably be commenced, and was familiar with business affairs and legal proceedings, or that if she would transfer said property to him he could and would attend to such legal proceedings as might be commenced to better advantage and with less trouble and annoyance to her than if she retained such property in her own name, or that if she would make such transfer to him he could or would hold or protect the same for her, or save her all the trouble and annoyance of defending against such legal proceedings, or that he would reconvey said property to her whenever she might demand the same, or that he would reconvey said property to her at any time or at all.

"That said John C. Galindo, did not then or at all state or represent to the plaintiff any of the matters or statements alleged in said complaint to have been made to her by him."

Appellant contends that this finding is against the evidence; but the contention is not maintainable. It is true that the plaintiff testified generally that John did make the

alleged misrepresentations, and that no witness positively contradicted her; but as John was dead it could hardly have been expected that there would be any other witness who could possibly testify that John did not make the alleged representations. The testimony of plaintiff in chief was considerably weakened by her cross-examination. Moreover, the court had the right to consider her conduct as to the land in question from the date of her deed to the death of John; her acquiescence during that long time in the possession and use of the land by Marina and her husband; her laches in asserting any interest in the land and in not bringing suit until after the death of John, who was the only person likely to know about his alleged false representations; and what the court might have considered as inherent improbabilities in her testimony and in her claim that she made the deed for the reason assigned by her. Considering all the features of the case, we would not be warranted in holding that the trial court should have found the other way. And this is particularly so in view of the principle that a court should not hold a conveyance absolute on its face to be a mortgage, or trust, or anything other than what it purports to be, except upon clear and convincing evidence. (*Sheehan* v. *Sullivan,* 126 Cal. 189; 58 Pac. 543; *Sherman* v. *Sandell,* 106 Cal. 373; 39 Pac. 797; *Tillaux* v. *Tillaux,* 115 Cal. 663; 47 Pac. 691.)

Defendants, in addition to denying the false representations averred in the complaint as plaintiff's cause of action, also averred that John C. Galindo was dissatisfied with the will of his father, Francisco, because there had not been devised to him the land here in contest upon which John and his wife had been living for several years before his father's death, and which he claimed his father had given him before his death, that he threatened plaintiff with a contest of said will, and that as a compromise the plaintiff executed the said deed to Marina; and the court so found. Appellant contends that this finding was not supported by any competent evidence, and particularly that the court erred in allowing Marina, over plaintiff's objection, to testify to declarations made by John as to his dissatisfaction with the will to her, and not in the presence of plaintiff. It may be conceded that the court erred in admitting this testimony, and that it was material to the issue of John's dissatisfaction with the will

CXLVII. Cal.—6

and his threats to contest it; but the finding of the court, as above set forth, against the averments in the complaint as to the false representations touching the Pacheco heirs, upon which alone the cause of action rests, is determinative of the case against appellant, and it is of no consequence what errors the court may have committed as to other matters. Plaintiff, in order to overcome her absolute deed of conveyance, was bound to show that it was procured by the false and fraudulent representations alleged in her complaint; and not having done so, she cannot recover. This view applies to all other exceptions taken to rulings as to the admissibility of evidence bearing on the subject of John's dissatisfaction with and threats about the will or on any other subject other than the false representations alleged in the complaint. And the findings as to other subjects are immaterial. And as to the alleged newly discovered evidence set up as a ground for a new trial, it is sufficient to say that it is not applicable to the averments in the complaint of false representations.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.