[L. A. No. 1399.  Department Two.—July 17, 1905.]

ANDREW CURTIN, Appellant, v. ARROYO DITCH AND WATER COMPANY, Respondent.

WATER COMPANY—AGENCY TO DISTRIBUTE WATER—BY-LAW—ASSESSMENT FOR EXPENSES—REFUSAL OF PAYMENT—QUIETING TITLE—DENIAL OF EQUITABLE RELIEF.—Where a by-law of a water company

CXLVII. Cal.—22

organized for the purpose of making it the agent and trustee of irrigators owning water-rights provided that "It shall be in the discretion of the board of directors to withhold water from any person refusing to pay any assessment after the same has become delinquent according to law until said assessment is paid," an owner of water refusing to pay his proportionate share of the expenses represented by such assessment is not entitled to equitable relief to quiet his title against an illegal sale of his stock by the water company, and is not entitled to any water until he pays such assessment.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, and Burrel D. Neighbours, for Appellant.

J. H. Ardis, and Kendrick & Knott, for Respondent.

McFARLAND, J.—This is an action to quiet plaintiff's title as against defendant to alleged interests of plaintiff in certain water running in and appropriated by means of a ditch known as the Arroyo ditch, and in the ditch itself, and to enjoin defendant from interfering in any way with the use by plaintiff of his said interest in said water and ditch.

In its answer the defendant denies plaintiff's title to his said alleged interest in the water and ditch or any part thereof. The court made a good many findings, and concluded that the plaintiff was not entitled to the equitable relief demanded in the complaint, and rendered judgment "that plaintiff take nothing in this action and that defendant recover its costs."

Plaintiff made a motion for a new trial as to certain enumerated issues; the motion was denied, and from the order denying it plaintiff appeals. There is no appeal from the judgment.

The evidence presents the said Arroyo ditch as a completed ditch, with the water here involved running in it, at about the year 1870. The water and ditch were then owned by a large number of farmers, each of whom owned a tract of land, or several tracts, adjacent to the ditch and irrigable therefrom—each landowner being entitled to shares of the

water proportionate to the number of acres of his land. The water was turned into each owner's land in rotation as he was entitled by the number of acres of his land. From 1870 to the spring of 1885 the ditch was managed by three commissioners, who employed a superintendent, or zanjero, to look after the details and keep it in running order and properly distribute the water to those entitled. This condition continued until April, 1885. At the last-named date all of the owners except about fifteen, who were designated by counsel as "outsiders," executed a written instrument by which they agreed to organize a corporation, and they adopted articles of incorporation then submitted to them by which a corporation called "The Arroyo Ditch and Water Company" was organized,—the said corporation being the defendant in this action. The corporation was to receive from each of the incorporators his right or interest in and to the water, and the corporation was to issue to each incorporator "one share of stock for each acre of land owned by him and heretofore subject to irrigation from said ditch," which was accordingly done. The plaintiff herein signed said instrument and became one of the incorporators. He was at that time the owner of one of the three tracts of land which he now owns; and the instrument was also signed by his predecessor in interest of the other two tracts which he subsequently acquired. It was found by the court, and the findings are not assailed, that the purpose of said written instrument and the formation of the corporation was to make the corporation "the agent and trustee of said irrigators, owners as aforesaid of said canal or ditch and of said water and water-rights, for the management of said canal or ditch and the handling and distribution of said water to the lands of said irrigators entitled thereto, in the same manner and in the same proportion and in the same quantity and for the same purposes as the same had theretofore been handled and distributed by the commissioners and zanjeros selected for that purpose by the said irrigators as aforesaid, and not otherwise." After its organization the said corporation—the defendant herein—took possession of the ditch and water, and for several years managed the same and distributed the water in accordance with the purpose for which it was created. About 1888 or 1889 the said "outsiders" became dissatisfied with the man-

ágement, and a loose, irregular arrangement was made by some of the incorporators with said outsiders by which the latter appointed one commissioner and the incorporators two; and these three commissioners, with zanjeros whom they appointed, managed the ditch and the distribution of the water until the year 1896. The corporation seemed to have acquiesced in this arrangement, and did not exercise any control over the ditch or water during the time last above mentioned; but in 1896 the corporation again took possession of the property, and since then has had exclusive management of the same. The ditch was then in bad condition and needed extensive and costly repairs and additions, and these improvements were made by defendant at a cost of about thirty thousand dollars. To raise part of this money the defendant levied several assessments. Plaintiff paid one or two of these assessments and then refused to pay any more. The defendant sold plaintiff's shares in the water and ditch for delinquent assessments, and at the sale it became the purchaser and since then has claimed to own plaintiff's said shares and to have title thereto by prescription. Since then respondent has not allowed appellant to take any water from the ditch. Several assessments were made after such sale, but plaintiff was not notified of such assessments and was treated as no longer owning any shares. There is a provision in the by-laws of the defendant that "the assessments on the stock of the company shall be in accordance with the laws of the state of California," and that "all sales for assessments must be made in conformity with the laws of this state." But the court found that the said attempted sale of plaintiff's shares for the assessments was void and conveyed no title thereunder to defendant, and that defendant is not the owner of said shares by virtue of said sale, or otherwise; and as these findings were favorable and not prejudicial to plaintiff we need not consider them. The court also found that the plaintiff is the owner in fee of the undivided interest in the water and ditch described in the complaint; but it declined to give judgment for plaintiff in this action for the reasons hereinafter noticed.

There is a provision in the by-laws as follows: "It shall be in the discretion of the board of directors to withhold the water from any person failing to pay any assessment after the same has become delinquent according to law, until said

assessment is paid''; and the court decided that under this provision, and upon general equitable principles, the plaintiff is not entitled to the equitable relief of a decree quieting his title and enjoining defendant from interfering with his asserted right to take water from the ditch, while refusing to pay his just proportionate share of the expenses necessarily incurred for the maintenance of the ditch and the enjoyment of the water. The finding that the said expenses were properly and necessarily incurred is clearly sustained by the evidence; and we think that the conclusion of the court that, under these circumstances, plaintiff is not entitled to the equitable relief prayed for was right.

The strongest position taken by appellant is, that because the respondent, after the said sale of appellant's shares, assumed a hostile attitude to appellant and claimed adverse ownership of the property, therefore it repaired and improved the ditch at its own peril, and appellant cannot be held for any part of the cost of the repairs. But this position is not tenable. Appellant cites *Mahoney* v. *Bostwick*, 96 Cal. 54, [31 Am. St. Rep. 175, 30 Pac. 1020], as sustaining his. contention. But in that case the defendant, a natural person, was simply a naked trespasser, who, without any right, had ousted plaintiff of the possession of his land, and afterwards sought to be credited with improvements which he had made while thus wrongfully in possession; and the court held that he was not entitled to such credit. There the rights of the plaintiff and defendant were alone involved; no trust relation existed, and there were no other parties interested. In the case at bar, as found by the court, the respondent corporation had no beneficial interest in the property, but was a mere agent or trustee for the landowners who had an interest in the water and ditch, for the purpose of taking care of the ditch and distributing the water. The parties really interested in this case and whose rights would be affected by a judgment for appellant as prayed for are the other water-owners. Such a judgment would permit appellant to fully and continuously enjoy the use of all his proportionate share in the water, without paying any part of the expenses of maintaining the property, while each of the other owners had paid his proportionate

share thereof. Such a judgment would be unjust and inequitable; and we do not think that it should be allowed merely because the agent or trustee took an improper or illegal course in trying to enforce the payment of appellant's share of the expenses. The fact still remains that appellant refuses to pay his just part, of the necessary expenses incurred in preserving the common property; and as long as this condition exists he is not entitled to the equitable remedy here demanded.

In form, the attacks of the appellant on the findings are mainly that the evidence does not support the findings that "defendant has not unlawfully deprived plaintiff of his water," and that "defendant is entitled to withhold the same from plaintiff until plaintiff has paid his share of the expenses of maintaining," etc. Respondent contends that these are findings of law and not of fact, and cannot therefore be reviewed on a motion for a new trial upon specifications which go only to the sufficiency of the evidence to support the findings; but, for the purposes of this decision, we have treated them as findings of fact. And what we have hereinbefore said shows that, in our opinion, these findings are right. Appellant also attacks the findings that certain things were done by respondent with the "knowledge" or the "acquiescence" of appellant; but we will not discuss the sufficiency of the evidence to support these findings, for we think them immaterial.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.