[L. A. No. 1960. In Bank.—June 3, 1908.]

SUSIE G. COUTS, and JOHN COUTS, Respondents, v. CAROLINA M. WINSTON, and JOHN B. WINSTON, Appellants.

ACTION TO REDEEM FROM DEED INTENDED AS MORTGAGE—PAROL EVIDENCE—SUFFICIENCY OF PROOF—CONFLICT—REVIEW UPON APPEAL.— In an action to redeem from a deed absolute upon its face alleged to have been intended as a mortgage, parol evidence is admissible to prove such intention. Although the rule is that such evidence must be clear and convincing to change the character of the deed, yet, whether the evidence offered is clear and convincing, is a question for the trial court; and where the plaintiffs' evidence was sufficiently clear and convincing to satisfy that court, notwithstanding conflicting evidence to the contrary by numerous unimpeached witnesses for the defendants, its decision in favor of the plaintiffs is not subject to review upon appeal.

ID.—MORTGAGE INDEBTEDNESS—APPLICATION FOR LOAN—REQUEST ACCEDED TO—IMPLIED PROMISE.—An indebtedness is essential to a mort-

gage, and where it appears that application had been made for a loan from defendants by the plaintiffs, and the defendants acceded to the request, and the deed was intended to secure the same, it cannot. be urged that there was no direct evidence of a promise by plaintiffs. to repay the loan, as such promise is implied in fact as well as. in law.

Id.—LEASE—RENTAL EQUIVALENT TO INTEREST—LOAN FROM SISTER TO· PAY MORTGAGE AND OTHER DEBTS—PROMISE OF QUITCLAIM.—Where the loan was from plaintiff's sister to pay a mortgage on home· property and other debts, and the transaction was in the form of a deed, and a lease for a year at a rental equivalent to interest,. and a promise to reconvey if the principal loan was repaid within the year, and a promise of a quitclaim by plaintiffs, if unable to· pay, the intention being to avoid foreclosure proceedings, the prom- ise to quitclaim shows an intention of plaintiffs to retain an equity· which would not be lost by the mere failure to repay the loan within. the time specified in the lease; and the court properly held that. the transaction was in effect a mortgage to secure. the loan, and that plaintiffs were entitled to redeem therefrom after the expira-- tion of the lease.

APPEAL from a judgment of the Superior Court of San· Diego County and from an order denying a new trial. N. H.. Conklin, Judge.

The facts are stated in the opinion of the court.

Daney & Lewis, Bicknell, Gibson, Trask, Dunn & Crutcher,. and Edward E. Bacon, for Appellants.

There being no debt, and no promise to repay the money,. there was no mortgage. (*Henley* v. *Hotaling,* 41 Cal. 28; *Ahern* v. *McCarthy,* 107 Cal. 382, 386, 40 Pac. 482; 3 Pome-· roy's Equity Jurisprudence, p. 1196.) The evidence falls short. of the proof which the law requires, and the appellate court is bound by the rule. (*Sheehan* v. *Sullivan,* 126 Cal. 189, 194,. 58 Pac. 543, and cases cited.)

Stearns & Sweet, for Respondents.

The findings must be sustained, if there is any evidence for- plaintiffs to support them regardless of defendants' testimony. (*Heinlen* v. *Heilbron,* 97 Cal. 101, 31 Pac. 838; *Chicago Bridge·* *Co.* v. *Sacramento Transp. Co.,* 123 Cal. 178, 55 Pac. 780;.

*Fox* v. *Oakland Consolidated St. Ry. Co.,* 118 Cal. 58, 62 Am.
St. Rep. 216, 50 Pac. 25; *Farmer* v. *Grose,* 42 Cal. 169.)   The
court was justified in finding the existence of a debt and
security therefor without regard to the form of the trans-
action.   (*Montgomery* v. *Spect,* 55 Cal. 352; *Sears* v. *Dixon,*
33 Cal. 326; *Hickox* v. *Lowe,* 10 Cal. 197; *Farmer* v. *Grose,* 42
Cal. 169; *Husheon* v. *Husheon,* 71 Cal. 407, 12 Pac. 410; *Locke*
v. *Moulton,* 96 Cal. 21, 30 Pac. 957; *Banta* v. *Wise,* 135 Cal.
277, 67 Pac. 129.)

SLOSS, J.—In 1902 the plaintiffs executed and delivered to
the defendant Carolina M. Winston a deed of certain real
property in San Diego County.   This action was brought to
have that deed declared a mortgage, and to redeem the land.
The defendants answered, denying  that the instrument was
intended as a mortgage, and filed a cross-complaint praying
judgment for possession of the premises.   Upon a trial, the
findings were in favor of the plaintiffs, and they had judg-
ment granting them the right to redeem.   Appeals are taken
from the judgment and from an order denying the defend-
ants' motion for a new trial.

The only contention made by appellants is that the evidence
was insufficient to justify the finding of the court that the
deed from plaintiffs to Carolina M. Winston was intended
to be, and in fact was, a mortgage.

It is no doubt the law, as repeatedly declared in our de-
cisions, that clear and convincing evidence is required to
justify a court in finding that a deed which purports to
convey the title to land in fee simple was intended to be a
mortgage.   "That a deed purporting on its face to convey the
title absolutely may be shown by parol evidence to be some-
thing else—namely, a mortgage—is a striking exception to the
general rule, and it has been universally held that the
character of the instrument cannot thus be changed except
upon clear and convincing evidence."   (*Woods* v. *Jensen,* 130
Cal. 201, 203, [62 Pac. 473] ; see, also, *Mahoney* v. *Bostwick,*
96 Cal. 53, [31 Am. St. Rep. 175, 30 Pac. 1020] ; *Sherman* v.
*Sandell,* 106 Cal. 373, [39 Pac. 797] ; *Ahern* v. *McCarthy,*
107 Cal. 382, [40 Pac. 482] ; *Sheehan* v. *Sullivan,* 126 Cal.
189, [58 Pac. 543] ; *Emery* v. *Lowe,* 140 Cal. 379, [73 Pac.
981].)   But whether or not the evidence offered to change

the ostensible character of the instrument is clear and convincing is a question for the trial court. (*Brison* v. *Brison*, 90 Cal. 323, 334, [27 Pac. 186]; *Mahoney* v. *Bostwick*, 96 Cal. 53, [31 Am. St. Rep. 175, 30 Pac. 1020].) In such cases, as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review in this court. (*Sherman* v. *Sandell*, 106 Cal. 373, [39 Pac. 797].) If, therefore, the evidence offered by plaintiffs, taken by itself, was sufficiently "clear, satisfactory and convincing" to satisfy the trial court that the deed was in fact a mortgage, the finding made cannot be overthrown merely because numerous witnesses, whose character is not impeached, gave positive testimony to the contrary effect. As was said in *Wadleigh* v. *Phelps*, 149 Cal. 627, 637, [87 Pac. 93], the appellate court "will not disturb the finding of the trial court to the effect that the deed is a mortgage, where there is substantial evidence warranting a clear and satisfactory conviction to that effect. All questions as to preponderance and conflict of evidence are for the trial court."

Reading the record in the light of these rules, we cannot say that the finding declaring the deed in question to be a mortgage was without sufficient support in the evidence.

The land in controversy is a tract of 233 acres, the greater part of which is farming land. The plaintiff John F. Couts had resided on the property for a number of years. The defendant Carolina M. Winston is his sister. In 1898, John F. Couts and his wife, the co-plaintiff, executed a mortgage of the property to the German American Savings Bank to secure a loan of fifteen hundred dollars. In 1902 the bank commenced suit to foreclose its mortgage. Couts testified that, while this suit was pending, he wrote to John B. Winston, the husband of his sister Carolina, asking him for help and offering to secure him with a deed if he would loan the money required to pay the mortgage. Winston replied in a letter in which he said, among other things, "If you care to accept, on the proposition to deed over the property as you suggested, I can offer you two thousand dollars." Couts then went to Los Angeles, the home of the Winstons, to close the matter up. He told Mr. Winston, as he testifies, that "it was very nice of him to help me, if he was going to lend that money I would deed him the property, you know, that when

CLIII Cal.—44

the time came if he had to have his money, there would not
be any trouble between us. He could have the right to sell
the property and pay himself and if I didn't have the money
and he had to have his settlement with the bank (from which
he was borrowing the money), I would get out of there and
give him a quitclaim deed. . . . He said he hated to go into
debt, but he would do it for me." On the same day the parties
met at the office of Winston's attorneys, and steps were taken
for consummating the transaction. It was finally concluded
in this form: The plaintiffs executed and delivered to
Carolina M. Winston a grant, bargain, and sale deed pur-
porting. to convey the property subject to the lien of the
mortgage of the German American Savings Bank, and of un-
paid taxes. The deed recited a consideration of two hundred
dollars. Mrs. Winston executed and delivered to the plaintiff
Susie G. Couts, an instrument, in form a lease of the property
for one year from September 19, 1902, in which Mrs. Couts
agreed to pay the sum of one hundred and fifty dollars as
rent, and was given, on condition of her paying the rent of
one hundred and fifty dollars, the option of purchasing the
property at any time before the nineteenth day of September,
1903, for $2,150. This amount of $2,150 was actually paid
out by Mrs. Winston. She satisfied the mortgage of the
German American Savings Bank, expending $1,950 for this
purpose, and paid two hundred dollars in cash to Couts.
The two hundred dollars, as Couts says,, is an amount which
he asked Winston to loan him over and above what was
needed to pay the bank. It was to pay other debts owing
by Couts. The rent of one hundred and fifty dollars, fixed
in the "lease" is seven per cent of $2,150, and this was the
rate of interest paid by Mrs. Winston on the loan negotiated
by her to raise this money.

The plaintiffs remained in possession of the property. At
the end of the year Couts paid to the defendants two hundred
dollars, and received an extension of the option for one year.
In the following year, 1904, Couts sought further extension,
and this was granted by the Winstons for a period of six
months. No payment was made by the plaintiffs within the
time as so extended, their efforts to make a sale of the
property having been unsuccessful. In August, 1905, the
plaintiffs tendered to Mrs. Winston the amount advanced

by her, with interest and costs, and demanded a reconveyance. This tender and demand were refused.

At the time of the execution of the deed, in September, 1902, the land in controversy was worth, with improvements, some thousands of dollars in excess of the debt to the German American Savings Bank.

Much of the foregoing statement is based on the testimony of the plaintiff John F. Couts. In some particulars it is corroborated by other witnesses. In many important respects it is flatly contradicted by the defendants' witnesses. But, as we have said, questions of weight or preponderance of evidence are not for this court. The trial court had the right to accept Couts's testimony as true, and evidently did so. Thus accepted, it was plainly sufficient to justify the finding that the deed in question was intended as a mortgage to secure a loan of $2,150 made by the defendant Carolina M. Winston. It is urged that there is no direct evidence of a promise by either of the plaintiffs to repay the amount advanced, and that there can be no mortgage if there is no indebtedness. (*Ahern* v. *McCarthy,* 107 Cal. 382, [40 Pac. 482]; *Henley* v. *Hotaling,* 41 Cal. 28.) But if, as Couts says, he applied to the defendants for a loan, and they acceded to his request, a promise on his part to repay the money advanced in consequence of these negotiations is to be implied in fact as well as in law. The circumstances of the whole case, if we accept the testimony acted on by the trial court, are entirely consistent with the view that the parties, while in fact agreeing on a loan to be secured by mortgage, were desirous, for reasons of their own, of giving the transaction a different appearance. The plaintiff John F. Couts being unable to pay the mortgage upon his home, which was of much greater value than the debt, applied to his sister and her husband for help. They furnished the money necessary to pay the mortgage and other pressing debts, taking a deed of the land, and giving a paper by which the plaintiff was bound to pay interest on the amount furnished, and was given the right to get his land back within a year upon payment of the principal sum. Mrs. Winston had theretofore had unpleasant relations with a sister, from whom she had taken a mortgage which she had been compelled to foreclose. She was particularly desirous of avoiding foreclosure proceedings. Under these

circumstances, it was not unreasonable for the trial court to conclude that the defendants agreed to lend Couts the money upon the security of his land, and attempted to put the transaction in such form that no foreclosure would ever become necessary. Couts's promise to give the Winstons a quitclaim deed if he did not have the money does not conflict with the theory of a loan secured by mortgage. It was merely an additional assurance to the defendants that they would not have to resort to a foreclosure to bar the plaintiffs' title. Indeed, the fact that such deed was thought necessary tends to show that the plaintiffs understood that they were retaining an equity which would not be lost by the mere failure to pay within the time specified in the lease.

On the whole case, we are satisfied that the court was justified in making the finding assailed.

The judgment and order denying a new trial are affirmed.

Angellotti, J., Lorigan, J., and McFarland, J., concurred.

Shaw, J., and Henshaw, J., dissented.

Rehearing denied.