[Civ. No. 2729.   Third Appellate District.—October 25, 1923.]

G. ALBERT SMITH, Respondent, v. RHODA PARK FLYNN, Appellant.

[1] QUIETING TITLE—CHARACTER OF CONVEYANCE—NOTICE—CONSIDERATION—FINDING—EVIDENCE.—In this action to quiet title to a tract of land there was sufficient evidence to support the finding of the trial court that a deed executed by defendant to her father was made for a valuable consideration without any promise, understanding, or agreement of any kind between the defendant and her father that said premises should be held upon any term or condition whatever or that the father should have but a life estate, and that said conveyance was made without any reservation or condition of any sort, and that plaintiff purchased said premises and paid therefor a good and valuable consideration without notice of any right of defendant in or to the same.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jones & Weller for Appellant.

A. G. Park, Collins & Collins and Levin Aynesworth for Respondent.

PLUMMER, J.—The plaintiff above named began two actions in the trial court numbered respectively 4711 and 4712 to quiet title to a tract of land situated in Kings County embracing 240 acres. The actions were consolidated for the purpose of trial. Plaintiff had judgment and the defendant appeals. The testimony shows an unbroken chain of title from the patent issued for the premises in controversy down to and including the deed thereto now held by the plaintiff. One of the deeds, however, is in controversy, to wit, a conveyance executed by the defendant, then Rhoda Park, now Rhoda Park Flynn, in 1905 and by her delivered to her father, Andrew G. Park. This deed upon its face purports to be an absolute deed and is in the form of an ordinary grant, bargain and sale instrument.

The complaint is in the ordinary form of an action to quiet title, alleging ownership in the plaintiff. The answer, after denying ownership in the plaintiff, alleges in paragraph 3 thereof, in substance, that in the year 1905 defendant executed and delivered to one Andrew G. Park, her father, a deed purporting to convey to him the fee to the premises in dispute but that it was understood and agreed between the defendant and said Park that he would have but a life estate therein; that he should have the full and free use and occupation of said premises; should enjoy the income thereof during his natural life, and that upon his death the title to said premises should vest in his living children share and share alike, and that the said Andrew G. Park should not have the right to sell or dispose of said real property or any part thereof.

At the conclusion of the trial the court, among others, made the following finding of facts:

"That on or about July, 1905, the defendant executed and delivered to her father, Andrew G. Park, a deed to said premises, but that said deed was made for a valuable consideration and that there was not any promise, understanding or agreement of any kind between the defendant and her father that said premises should be held upon any term or condition whatever or that the said Andrew G. Park should have but a life estate. That said conveyance was made with-

out any reservation or condition of any sort. That the plaintiff purchased said premises and paid therefor a good and valuable consideration without notice of any right of defendant in or to said premises.''

[1] The question before the court upon this appeal is whether there is any testimony to support this finding. The defendant's testimony is in line with the allegations of her answer. To the contrary, however, is the testimony of her father, Andrew G. Park, her sister, Clara Park Oliver, and her brother, Theodore Park. These three witnesses testified to the effect that there was no such agreement or understanding. Theodore Park in his testimony states facts and circumstances showing that a 320-acre tract of land, which tract included the 280 acres in dispute, and 40 acres belonging to the defendant were reclaimed by Andrew G. Park, who paid all the expenses of reclamation, building levees, etc., and that the 40-acre tract belonging to the defendant was reclaimed without any expense to her, the costs and expenses being borne by Andrew G. Park. The testimony of Andrew G. Park and also of Clara Park Oliver (a daughter of Andrew G. Park) all goes to the effect that on and after 1905 the title to the 280 acres was absolutely vested in Andrew G. Park without any limitations whatsoever. Upon this testimony the learned trial court made and entered the finding of facts referred to, holding that the conveyance from the defendant to Andrew G. Park was for a valuable consideration.

As said in *Sherman* v. *Sandell*, 106 Cal. 375 [39 Pac. 797]: ''The issue is purely one of fact, and is to be determined by the trial court, and to the extent that its determination rests upon the mere preponderance of evidence, or upon the consideration of conflicting or contradictory evidence, the finding of the trial court is not open to review in this court.''

Also it is stated in *Sheehan* v. *Sullivan*, 126 Cal. 189 [58 Pac. 543]: ''The authorities are uniform to the point that to justify a court in determining from oral testimony that a deed which purports to convey land absolutely in fee simple was intended to be something different, . . . such testimony must be clear, convincing, and conclusive—something more than that modicum of evidence which appellate courts sometimes hold sufficient to warrant a finding where the matter

is not so serious as the overthrow of a clearly expressed deed, solemnly executed and delivered.''

The judgment of the trial court should be affirmed and it is so ordered.

Finch, P. J., and Hart, J., concurred.