[No. 15761.   Department Two.—June 1, 1895.]

JEREMIAH AHERN ET AL., APPELLANTS, v. BRIDGET McCARTHY, RESPONDENT.

MORTGAGE—DEED ABSOLUTE IN FORM—EVIDENCE.—A deed absolute in form, if given to secure the payment of a debt, will be treated in equity as a mortgage, and the facts and circumstances attending its execution may be shown by parol evidence.

ID.—CONTINUING INDEBTEDNESS.—Whether the deed can be treated as a mortgage or not must depend upon whether there was a continuing indebtedness from the grantor to the grantee to be secured by it; if there is no indebtedness there can be no mortgage. In the present case the finding that there was no indebtedness is held to be justified by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.

The facts are stated in the opinion.

*Reddy, Campbell & Metson*, for Appellants.

*E. R. Taylor*, for Respondent.

BELCHER, C.—On the 6th of October, 1886, the plaintiffs, who were husband and wife, executed to the defendant a deed, absolute in form, of a lot of land in the city of San Francisco, and in September, 1890, they commenced this action to obtain a decree adjudging that the said deed was in fact a mortgage, given to secure the payment of money due and to become due from plaintiffs to defendant, and that they be allowed to redeem the property on payment of the amount found due the defendant, and also that defendant be required to account for the rents and profits of the property while in her possession.

The answer denied that the deed was given to secure the payment of any money, or that it was, or was intended to be, a mortgage, and alleged that it was given and received as an absolute conveyance.

The court below found, upon all the issues raised by

the pleadings, against the plaintiffs, and gave judgment in favor of the defendant, from which, and from an order denying their motion for a new trial, the plaintiffs appeal.

The appellants contend that the findings were not justified by the evidence, and that is the only ground urged for a reversal.

It is a general and well-settled rule of law that a deed absolute in form, if given to secure the payment of a debt, will be treated in equity as a mortgage, and the facts and circumstances attending its execution may be shown by parol evidence. The law upon this subject is stated in Pomeroy's Equity Jurisprudence, second edition, section 1196, as follows:

"The general doctrine is fully established, and certainly prevails in a great majority of the states, that the grantor and his representatives are always allowed, in equity, to show by parol evidence that a deed absolute on its face was only intended to be a security for the payment of a debt, and thus to be a mortgage, although the parties deliberately and knowingly executed the instrument in its existing form, and without any allegations of fraud, mistake, or accident in its mode of execution. As in the last preceding case, the sure test and the essential requisite are the continued existence of a debt. If there is no indebtedness the conveyance cannot be a mortgage; if there is a debt existing, and the conveyance was intended to secure its payment, equity will regard and treat the absolute deed as a mortgage. The presumption, of course, arises that the instrument is what it purports on its face to be—an absolute conveyance of the land; to overcome this presumption, and to establish its character as a mortgage, the cases all agree that the evidence must be clear, unequivocal, and convincing, for otherwise the natural presumption will prevail. Whenever a deed absolute on its face is thus treated as a mortgage the parties are clothed with all the rights, are subject to all the liabilities, and are entitled to all the remedies of ordinary mortgagors and

mortgagees. The grantee may maintain an action for
the foreclosure of the grantor's equity of redemption;
the grantor may maintain an action to redeem, and to
compel a reconveyance upon his payment of the debt
secured. If the grantee goes into possession he is in
reality a mortgagee in possession, and as such is liable
to account for the rents and profits."

It was shown in this case that on the twenty-second
day of September, 1884, the plaintiff, Mary Ahern, was
the owner of the lot in question, and living thereon with
her family, and that on that day she and her husband
executed to the German Savings and Loan Society their
promissory note for the sum of two thousand dollars,
payable one year after date, with· interest at the rate
of seven-twelfths of one per cent per month, payable
monthly in advance; and at the same time, to secure
payment of the note, executed to the said society a
mortgage upon the said lot. Afterward, on the twenty-
seventh day of the same month, the plaintiffs executed
to the defendant their promissory note for the sum.
of nineteen hundred dollars, payable two years after
date, with interest at the rate of seven-twelfths of one
per cent per month, payable monthly; and to secure
payment thereof executed to defendant a mortgage up-
on the said lot. It was provided in this mortgage that
it was subject to the mortgage to the German Savings
and Loan Society, and "that in case default be made in
the payment of the principal or interest of the note and
mortgage to the German Savings and Loan Society, then
the promissory note above described and secured by
these presents shall immediately become due and pay-
able."

Mrs. Ahern and the defendant, whose maiden name·
was Bridget Wallace, were sisters, and the latter resided
with the former from time to time until she was mar-
ried in 1888.

In August, 1886, several months' interest was due
and unpaid on each of said notes, and the plaintiffs had
no money, or means to raise money, to pay the same.

Both mortgagees threatened to foreclose unless payment was made, and the question was what should be done. At some time the plaintiffs placed the property in the hands of a real estate agent for sale, and he reported that he had been offered five thousand dollars for it. The defendant advised the plaintiffs not to sell the property, but to convey it to her, and they concluded to and did withdraw it from the agent. Defendant promised, if plaintiffs conveyed it to her, to lease to them the lower floor of the building for three years at ten dollars per month rent, and that the rent for twenty months should be applied to the payment of an indebtedness of two hundred dollars due from the plaintiffs to other parties, and also that she would assume the payment of the note and mortgage to the German Savings and Loan Society. The negotiations between the parties continued until October 6th, when the deed in controversy was executed. At that time and as a part of the transaction the defendant satisfied her mortgage on the record, and delivered to the plaintiffs the note and mortgage. She also executed to the plaintiffs the lease she had promised to give them, and each of the parties executed to the other a release of all claims and demands, of whatsoever nature, accrued or existing up to that date. The plaintiffs also gave written notice to a tenant on the upper floor of the building that they had conveyed the property to the defendant, and that he would therefore for the future pay rent to her.

Thereafter the plaintiffs occupied the lower floor of the building under their lease, and the rent therefor was paid and applied as it was agreed it should be.

In August, 1889, the defendant paid the note to the German Savings and Loan Society, and the mortgage given to secure the same was satisfied and discharged.

The above is a brief outline of the undisputed facts of the case. As to most of the other facts the evidence was conflicting. The plaintiffs testified that the defendant agreed to take and hold the deed as security for the payment of the debts, secured by mortgages on the

CVII. CAL.—25

property, until such time as they could pay the same. The defendant denied that there was any such agreement or understanding, and said, in effect, that the deed was given and accepted as an absolute conveyance.

Whether the deed can be treated as a mortgage or not must depend upon whether there was a continuing indebtedness from plaintiffs to defendant to be secured by it; for if there was no indebtedness there clearly could be no mortgage.

In view of all the facts and circumstances shown, and particularly in view of the fact that at the time of the execution of the deed the parties thereto expressly released each other from all claims and demands accrued or existing up to that date, we do not see how it can be said that the evidence was "clear, unequivocal, and convincing" that there was an existing debt, and that the deed was intended to secure its payment.

In our opinion the judgment cannot be reversed upon the ground that the findings were not justified by the evidence, and we therefore advise that the judgment and order be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFARLAND, J , TEMPLE, J., HENSHAW, J.