[Civ. No. 8159. First Appellate District, Division Two.—February 16, 1932.]

. C. S. TURNER, Respondent, v. FRANCES E. DAWSON GOSDEN et al., Defendants; CLARICE DAWSON, Appellant.

D. A. Knapp for Appellant.

Charles E. Hobart and Albert E. Dunning for Respondent.

SPENCE, J.—Plaintiff brought two actions, one to quiet title and the other in ejectment. Defendant Clarice Dawson was the sole defendant who appeared and answered. The causes were tried together by the court sitting without a jury and from judgments entered in favor of plaintiff in both cases, defendant appeals.

Respondent claims through a deed from defendant Frances E. Dawson, the predecessor in interest of defendant and appellant Clarice Dawson. The sole issue in the trial court and on this appeal is found in the contention of said defendant and appellant that the deed from Frances E. Dawson to respondent was delivered as and was intended to be a mortgage. We find no merit in this contention.

The property involved was lot 16 in what is known as the Seager tract. It was one of four contiguous lots numbered 15, 16, 27 and 28. Said lot 16 was conveyed by Frances E. Dawson to respondent as nominee of Nellie Parks in a somewhat unusual transaction between said Nellie Parks and said Frances E. Dawson. Nellie Parks owned lots 15 and 28, which were unencumbered. Frances E. Dawson owned lot 16, which was heavily encumbered and foreclosure was threatened. The Dawsons were unable to refinance lot 16, but believed that they could avoid foreclosure under a plan which contemplated the leasing of all four lots to a hotel company under a 99-year lease for the purpose of erecting an apartment hotel. The title to lot 27 was in Harriet E. Gilmore. The first suggested plans failed and thereafter in January, 1927, Nellie Parks and Frances E. Dawson entered into an agreement and filed escrow instructions, together with other documents, including an option to lease in favor of the hotel company, signed by Nellie Parks. We need not detail all of the terms of these instruments nor all of the terms of the amended escrow instructions thereafter filed. The plan agreed to was that Nellie Parks was to convey her unencumbered lot 15 to Frances E. Dawson with permission to execute a mortgage in the sum of $20,000 covering both lots 15 and 16 in order to pay off the existing encumbrance on lot 16; that Frances E. Dawson would thereupon convey lots 15 and 16 to Nellie Parks and respondent respectively, subject to the $20,000 mortgage; that in the event that title to lot 27 was procured by Francis E. Dawson and conveyed to Nellie Parks and the 99-year lease was procured from the hotel company, said Francis E. Dawson and Nellie Parks were to become owners of all four lots as tenants in common; that otherwise in the event that title to lot 27 was procured by Frances E. Dawson and conveyed to Nellie Parks, said Francis E. Dawson would have the right upon payment of $22,000 to a conveyance of both lots 15 and 16, subject to the $20,000 mortgage. The limit of time within which any of these conditions could be met by Frances E. Dawson was June 1, 1927. It was further agreed by paragraph 6 of the agreement as follows: ''6. That in the event that the terms and conditions of said escrow No. 946972, and of this Agreement and of said Option to Lease, shall

not be carried out, time being the essence of said escrow instructions and of this Agreement and said Option to Lease, then said second party (Nellie Parks) shall thereupon become the owner, in fee simple, of Lot #15, and said C. S. Turner of said Lot 16, subject only to the mortgage for said sum of $20,000 to be placed thereon by said first party as hereinabove provided, and any interest of said first party (Francis E. Dawson) in said lot shall thereupon terminate.''

Pursuant to the agreement, lot 15 was conveyed to Frances E. Dawson, who encumbered it, together with lot 16 with a new $20,000 mortgage in favor of a third party, paid off her existing mortgage on lot 16 and conveyed lot 15 and lot 16 to Nellie Parks and respondent respectively. Nothing further was done by said Frances E. Dawson to entitle her under the terms of the agreement to any interest in any of the property. Lot 27 was never conveyed to Nellie Parks and the lease to the hotel company was not procured prior to June 1, 1927, nor at any time. These actions relating to lot 16 were commenced by respondent C. S. Turner in January, 1928.

It is difficult to find any basis for appellant's contention that the transaction constituted a mortgage. In order to constitute a mortgage there must be some debt or obligation to be secured. (*Holmes* v. *Warren*, 145 Cal. 457 [78 Pac. 954]; *Ahern* v. *McCarthy*, 107 Cal. 382 [40 Pac. 482]; *Henley* v. *Hotaling*, 41 Cal. 22; 17 Cal. Jur. 782, sec. 83.) Here Frances E. Dawson received no money from either Nellie Parks or respondent and never obligated herself to pay any sum to either of them. Without assuming any obligation except to the third party mortgagee under the $20,000 mortgage on lots 15 and 16, she agreed to and did deed back lot 15 to Nellie Parks and agreed to and did deed her lot 16 to respondent obtaining certain rights by the terms of the agreement in the nature of options. There was no provision whereby she was entitled to the return of lot 16 by the payment of any sum of money. On the contrary she accepted a provision whereby under certain conditions she might obtain title to both lots 15 and 16 and also a provision whereby under other conditions she might obtain an interest as tenant in common in lots 15, 16, 27. and 28. Likewise, she agreed to the provisions of paragraph 6 whereby her interest in lot 16 was to terminate in the·

event that she did not exercise her rights under the terms of the agreement. Under these circumstances the transaction could not constitute a mortgage as there was never any debt or obligation which the deeds from Frances E. Dawson to Nellie Parks and respondent or either of said deeds could be said to secure.

The judgments in both cases are and each of them is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.