[Civ. No. 8250.   First Appellate District, Division Two.—May 7, 1932.]

ELVING H. DIETRICHSON, Appellant, v. WESTERN LOAN & BUILDING COMPANY (a Corporation), Respondent.

L. H. Phillips and W. C. Dalzell for Appellant.

Bicksler, Smith, Parke & Catlin for Respondent.

JAMISON, J., *pro tem.*—This action was brought to redeem certain real estate which plaintiff alleges in his complaint was mortgaged property. Defendant demurred to the complaint on the ground that it failed to state a cause of action. The demurrer was sustained without leave to amend and judgment was thereupon rendered for defendant. From this judgment plaintiff has appealed.

The complaint is in two counts. In substance it is alleged in the first count of the complaint that on October 27, 1925, appellant was the owner of the land described in the complaint and that on March 12, 1926, the record title to said land passed to one John M. Fulton; that on May 17, 1926, appellant began an action against the said Fulton in the Superior Court of Los Angeles County, to quiet his title to said land. To this action the said Fulton filed an answer and cross-complaint in which he sought to have his title to said land quieted against appellant. Upon the trial of said case the court rendered its decision in favor of Fulton quieting his title to said land, and pending the entry of the final decree, by agreement of the parties, an interlocutory decree was made by the court to the effect that Fulton having purchased said land at a foreclosure sale for the sum of $2,189.78, including taxes and interest on encumbrances existing against it, that appellant be given until February 15, 1927, thereafter in which to pay said sum to Fulton and upon such payment within said time Fulton was thereupon to convey said land to appellant. It is alleged that Fulton took possession of said land on March

12, 1926, and that he and his grantees have continued in possession of same. That it was intended by them that the title to said land thus vested in said Fulton should be held by him as security for said sum. That by mesne conveyances the title to said land had become vested in respondent, and that it had actual and constructive notice of appellant's rights therein.

Apparently appellant failed to make the said payment. In the second count of the complaint it is alleged that on March 23, 1927, a final judgment was rendered in said action, in favor of Fulton, and from this judgment appellant appealed, and while this appeal was pending a verbal agreement was entered into by appellant and said Fulton by which it was agreed that the appeal would be dismissed, and that said Fulton would hold said land for thirty days, and that within the thirty days appellant should have the right to redeem the said land by paying to said Fulton the aforesaid sum, and that upon such payment the said Fulton would convey said land to appellant. And thereupon appellant dismissed his appeal, but failed to pay to Fulton said sum.

That by mesne conveyances the said land has become vested in respondent and that it had actual and constructive notice of appellant's rights.

Appellant contends that the interlocutory decree and final judgment constitute an equitable mortgage and that he has the right of redemption. Section 2922 of the Civil Code provides that a mortgage can be created, renewed or extended only in writing, executed with the formalities required in the case of a grant of real property.

■ But it is the well-settled law of this state and elsewhere that a deed absolute on its face may, in equity cases, be shown by parol evidence to have been intended as security for a debt or obligation. (17 Cal. Jur. 776, and cases cited.) In all of these cases there were debts existing between the parties at the time the conveyance was executed and the theory upon which a court of equity acts is that a person who accepts a conveyance with the understanding that it operates merely as a security for the payment of a debt owing to him by the grantor is chargeable with constructive or *quasi* fraud if he subsequently denies the existence of such an understanding, and the

instrument will be enforced by a court of equity according to the contract of the parties. (19 R. C. L. 251.)

In the instant case the money agreed to be paid to Fulton by appellant was not for a debt existing between them at the time said agreements were made. Appellant relies upon the case of *Bunn* v. *Braswell*, 139 N. C. 135 [51 S. E. 927], to sustain his contention that the judgment is an equitable mortgage. In that case a default had been entered against the defendant. He made a motion to set it aside and thereupon the parties agreed that the judgment be modified to declare that the defendant had an equity to redeem upon payment to plaintiff of a certain sum before a certain date, and if such payment be made that plaintiff convey the premises to defendant.

The court held in this case that the judgment was an equitable mortgage, basing its decision largely upon the fact that the judgment was a consent judgment that it was therefore to be construed in the same way as if the parties had entered into the contract in writing duly signed and delivered, also because the judgment expressly declared that the right to redeem existed.

In the case now under consideration it cannot be said that the judgment is a consent judgment. The complaint contains a portion of the finding of the court in the case of appellant against Fulton. From these findings it appears that a trial was had and a decision was made quieting Fulton's title to said land. That pending the entry of the final judgment, appellant and Fulton entered into the verbal agreement for the interlocutory decree. No mention is made in this interlocutory decree of any right given appellant to redeem. It merely provided, in effect, that if appellant complied with the agreement within the specified time the judgment would be satisfied and the land conveyed by respondent to appellant.

Nor was the final judgment a consent judgment. It was rendered pursuant to the said decision of the trial court, made after a trial of the said case; and it became final for the reason that appellant failed to pay Fulton the agreed sum within the thirty days.

Whether a deed can be treated as a mortgage or not must depend upon whether there was a continuing indebtedness from appellant to respondent to be secured by

it, for if there was no indebtedness there clearly could be no mortgage. (*Ahern* v. *McCarthy*, 107 Cal. 382 [40 Pac. 482]; *Beckman* v. *Waters*, 161 Cal. 581 [119 Pac. 922]; *Stevens* v. *Fetterman*, 76 Cal. App. 741–752 [246 Pac. 102].)

It is manifest from the allegations of the complaint that the money to be paid under said agreements was not a debt owing by appellant to respondent. It was entirely optional with appellant whether he paid said sum or not, and in the event that he decided not to pay it, no liability or debt was thereby created against him in favor of respondent for said sum.

Appellant further contends that the court had no authority to render an interlocutory decree in this case. He cites no authority supporting this contention. By his agreement to have the interlocutory decree entered, he waived any irregularity that occurred by reason thereof.

However, there is authority for a court of equity to make interlocutory decrees. (14 Cal. Jur. 867; *Thompson* v. *White*, 63 Cal. 505.)

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 6, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1932.