[Civ. No. 2037.   Fourth Appellate District.—July 29, 1938.]

THE FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO (a National Banking Association), Respondent, v. DOUGLAS L. EDMONDS, as Administrator de Bonis Non, etc., Appellant.

Eckman & Lindstrom for Appellant.

William G. Mirow for Respondent.

BARNARD, P. J.—This is an appeal from a judgment quieting plaintiff's title to certain real property.

The complaint is in the usual form, paragraphs IV and V thereof alleging ownership and right of possession in the plaintiff and the invalidity of any claim of interest asserted by the defendant. The answer makes no general denial of these allegations but with respect thereto "Denies the allegations of paragraphs IV and V and alleges that the ownership, seizure in fee and right to possession of the lands and premises described in plaintiff's complaint are as in this defendant's second and affirmative defense set out". In the second defense which follows this allegation it is alleged that on July 11, 1931, the defendant, after authorization duly obtained from the court in the probate proceeding, borrowed $25,000 from the plaintiff and executed and delivered a note for that amount, payable three years after date with interest at 7 per cent, together with a trust deed covering the property in question as security for said note; that the defendant was unable to pay said note when due and on or about November 30, 1935, the defendant entered into an agreement with the plaintiff, a copy of which is attached to the answer; that on that date, pursuant to this agreement, the defendant filed in the estate proceedings "a petition for leave to compromise the claim of plaintiff against said estate on said promissory note by the making, execution and delivery by this defendant as such administrator of a deed conveying the property in plaintiff's complaint described, in full compromise, accord, satisfaction and settlement of said note for twenty-five thousand dollars"; that said petition came on for hearing and the court sitting in probate entered an order directing the defendant as said administrator to make and deliver a deed conveying said real property to the plaintiff; that thereafter and pursuant to said order the defendant as such administrator executed and delivered such a deed; that by the agreement referred to it was provided that the defendant as such administrator should be given and he was given an option to repurchase said real estate as a whole or in parcels on payment of certain sums and interest thereon as set forth in said agreement; that at the time the defendant entered into said agreement, filed said petition for leave to compromise, secured said order of the court, and made and delivered the deed he was unable to pay the note with the interest and ac-

crued taxes and was threatened with foreclosure of the deed of trust by the plaintiff; and that for this reason he entered into said agreement, procured said order and "executed and delivered said deed in lieu of and to avoid foreclosure of said deed of trust". It is then alleged that the defendant submits to the decision of the court as to whether "said action in lieu of and to avoid foreclosure is sufficient to divest this defendant as such administrator and said estate" of title in and to these lands without foreclosure proceedings or trustee's sale proceedings; that this answer and defense is thus submitted by reason of the fiduciary status of said defendant as such administrator; and that the property in question was originally appraised in said estate at $160,000 but was, on November 30, 1935, and ever since has been, of the value of $75,000.

The agreement attached to the answer recites that the estate is indebted to the plaintiff in the sum of $25,000, evidenced by the note and secured by the trust deed which have been described; that unpaid interest in the sum of $1520 has accrued together with unpaid taxes amounting to $2,385.73; that the estate is unable to pay said amounts and on account of the defaults of the estate the bank is entitled to request the trustee under the deed of trust to sell said real property to satisfy the indebtedness; that in consideration thereof the administrator agrees to convey said property to the bank subject to unpaid taxes and the "bank gives to said administrator, his nominee or successor, an option to purchase the same" at any time up to November 1, 1936, for the sum of $25,000, plus accrued interest of $1520, plus interest thereafter on both amounts at 7 per cent and plus any amount thereafter advanced and paid by the bank for taxes or assessments with interest on such advances at 7 per cent; that said option may also be exercised as to various parcels which are designated with the amount which must be paid in order to have the respective parcels conveyed; that if the option is exercised as to separate parcels the remainder of the property will be conveyed without further consideration when the entire amounts provided for in the option have been paid; that the agreement is subject to the approval of the court; and that when the court has approved the same the bank will upon receiving a conveyance of the property, record its reconveyance under the trust deed.

A motion for judgment on the pleadings was granted and a judgment entered from which this appeal was taken. The question involved is whether the facts alleged in the answer constitute a defense to the action. The appellant's sole contention is that under these facts the deed given to the respondent, though absolute in form, must be deemed a mortgage against which title cannot be quieted.

It is, of course, well settled that a deed absolute on its face but in fact intended to secure a debt, is a mortgage. The fact that an option to repurchase the land conveyed is given is not, in itself, sufficient to show that the conveyance was intended to secure a debt. (*Henley* v. *Hotaling*, 41 Cal. 22.) In that case it is said: "There can be no question that a party may make a purchase of lands either in satisfaction of a precedent debt or for a consideration then paid, and may at the same time contract to reconvey the lands upon the payment of a certain sum, without any intention on the part of either party that the transaction should be, in effect, a mortgage." Aside from any other consideration or requirement, it is also well settled that the existence of an indebtedness is absolutely essential in order to make such a deed an equitable mortgage. (*Henley* v. *Hotaling, supra; Dietrichson* v. *Western Loan & Bldg. Co.*, 123 Cal. App. 358 [11 Pac. (2d) 64]; *Robinson* v. *Barnard*, 5 Cal. App. (2d) 396 [42 Pac. (2d) 711].) While on a motion for judgment on the pleadings the affirmative allegations of the answer must be taken as true (*Cuneo* v. *Lawson*, 203 Cal. 190 [263 Pac. 530]), if it appears from such allegations here that there was no indebtedness it must be held, as a matter of law, that no defense has been alleged. In *Dietrichson* v. *Western Loan & Bldg. Co., supra*, where the appeal was from a judgment after a demurrer had been sustained, the court said:

"Whether a deed can be treated as a mortgage or not must depend upon whether there was a continuing indebtedness from appellant to respondent to be secured by it, for if there was no indebtedness there clearly could be no mortgage. (*Ahern* v. *McCarthy*, 107 Cal. 382 [40 Pac. 482]; *Beckman* v. *Waters*, 161 Cal. 581 [119 Pac. 922]; *Stevens* v. *Fetterman*, 76 Cal. App. 741–752 [246 Pac. 102].)

"It is manifest from the allegations of the complaint that the money to be paid under said agreements was not a debt owing by appellant to respondent. It was entirely optional

with appellant whether he paid said sum or not, and in the event that he decided not to pay it, no liability or debt was thereby created against him in favor of respondent for said sum.''

We think these rules are controlling here. It appears from the agreement alleged that the appellant was to convey the property and the respondent was to record a reconveyance of the trust deed and give the appellant an option to purchase the property within a year at a fixed price. This agreement was necessarily made subject to the approval of the court and the appellant sought and obtained such approval by directly representing to the court that the claim against the estate was to be compromised by conveying the property in full satisfaction and settlement of the indebtedness arising from the note given for the money borrowed by the estate. The court, which had necessarily authorized the creation of the debt in the first place, thereupon authorized the conveyance, which could not otherwise have been made, as a full satisfaction and settlement of the debt. The effect of the answer is that this debt, created by permission of the court, had been discharged and paid by a conveyance which, while agreed upon by the parties, had been made and could only have been made under the approval and direction of the court. After the conveyance was made in pursuance of the court's order there was no indebtedness. It seems perfectly clear that under such circumstances the respondent could not have proceeded to enforce collection of the note or of that claim against the estate. There remained merely an option to purchase the property at a fixed price which the respondent was free to exercise or not as he saw fit. There was no agreement to repurchase the land or to pay anything, and no debt which could have been secured by a mortgage. It follows that the conveyance of this property was absolute in fact, as well as in form, and that the facts alleged in the answer were not sufficient to constitute a defense to the action.

The judgment is affirmed.

Marks, J., concurred.