[S. F. No. 7147. Department Two.—March 10, 1917.]

ISAACK KOHN, Respondent, v. C. E. PARENT et al., Appellants.

DEED ABSOLUTE UPON ITS FACE—EVIDENCE TO ESTABLISH A MORTGAGE. The evidence must be clear and convincing to establish that a deed absolute upon its face is a mortgage. In this case the evidence is held not of such character.

APPEAL from a judgment of the Superior Court of Marin County, and from an order refusing a new trial. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, and S. C. Denson, for Appellants.

James W. Cochrane, D. Freidenrich, and Heller, Powers & Ehrman, for Respondent.

HENSHAW, J.—Plaintiff sued to quiet title to a certain piece of land. The defendant A. B. Kreft was trustee of the estate of Phillip Kohn in bankruptcy, plaintiff having acquired his title by deed from Phillip Kohn and wife. The other defendants appealing are judgment creditors of the insolvent. Their contention is that the deed of Phillip Kohn to his father, the plaintiff, was intended as a mortgage, to secure the payment of ten thousand dollars, and that their judgments duly docketed are valid and subsisting liens on the property subject to this mortgage, and that title to the property is in the trustee in bankruptcy, subject to the mortgage and to these judgment liens. The deed was absolute in form. The testimony of plaintiff was that he paid ten thousand dollars for the property, and this is abundantly established by his canceled check drawn in favor of and paid to Phillip Kohn. Since the date of the deed he has occupied the property and spent over six thousand dollars in improvements thereon. He has continuously resided upon the property since the date of the deed and paid all city, county, and state taxes upon it. His testimony was supported by that of his son, that the transaction between himself and his father was an absolute sale. The deed to the father was executed by the son Phillip and

by his then wife, Stella Kohn. She testifies that her father-in-law told her that he was going to lend the son ten thousand dollars upon the security of the property to enable him to adjust the property disputes between the husband and the wife in the matter of their divorce suit then pending or in prospect; that her father-in-law said that the property was valued at twenty-five thousand dollars; that he thought it was good security; that the security was so good that he was willing to loan twenty-five thousand dollars on the strength of it. The occasion of this conversation was the first time that she had ever spoken to her father-in-law. Called in rebuttal he testified that he had never seen his daughter-in-law except in court; he had never had any such conversation with her; that the property in fact was not worth what he gave his son for it, and that he gave him this money over and above the value of the property because of the son's difficulties. Further evidence was introduced to the effect that the property was assessed for but little over two thousand five hundred dollars; that Phillip Kohn, when owner, had in vain offered it for sale to the assessor for seven thousand five hundred dollars.

It scarcely needs the citation of authority in support of the statement that to establish that a deed absolute upon its face requires clear and convincing evidence thus to vary its written terms and establish that it is a mortgage. (*Mahoney* v. *Bostwick,* 96 Cal. 53, [31 Am. St. Rep. 175, 30 Pac. 1020] ; *Sherman* v. *Sandell,* 106 Cal. 373, [39 Pac. 797] ; *Sheehan* v. *Sullivan,* 126 Cal. 189, 193, [58 Pac. 543] ; *Woods* v. *Jensen,* 130 Cal. 200, [62 Pac. 473].)

Mrs. Kohn's testimony touching her execution of the deed, which was that she glanced over it, did not understand its meaning, and was told that it was a mortgage, is flatly contradicted by Mr. Cochrane, an attorney. He was not Mrs. Kohn's attorney, but was present at her execution of the deed. He denied that he made any such misrepresentations to her, and testified that it was explained to her that the instrument was a deed at the time she executed it, and that no reference whatever was made to it as being a mortgage.

All of the parties to this controversy claim from a common source of title—Phillip Kohn. His deed to plaintiff, therefore, as against all of the appellants established a *prima facie* case (*Brusie* v. *Gates,* 96 Cal. 265, [31 Pac. 111] ; *McGorray* v. *Robinson,* 135 Cal. 312, [67 Pac. 279]), and the case,

as established by plaintiffs, for the reasons given, was not overcome.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.