[Civ. No. 7103. First Appellate District, Division Two.—October 28, 1929.]

LUCILLE K. BEST, Administratrix, etc., Appellant, v. ANGELIKA K. PAUL, Respondent.

Bauer, Wright & MacDonald and Alexander MacDonald for Appellant.

Edward Winterer, Albert J. Sherer and Earl E. Howard for Respondent.

NOURSE, J.—Plaintiff sued to set aside certain deeds conveying real property to defendant. The cause was tried before the court sitting without a jury. Findings and judgment favored the defendant and the plaintiff has appealed on a bill of exceptions.

Dr. Kuznik was the mother of the plaintiff, the defendant, and of two other children. She died April 19, 1925, at the age of seventy-three years. About two months before her death she executed the conveyances to the defendant covering practically all the real property owned by her. When the deeds were executed the defendant, at the request of the grantor, was living in the home of her mother in the capacity of housekeeper and was the only one of the four children who gave her any care or affection in her last illness. The mother was a practicing physician who continued actively in her practice until her death. She assumed full charge and control over her properties at all times until the deeds were executed, and at that time executed the deeds freely and voluntarily and with a full knowledge of the facts and of the effect of the transfers. She personally caused the deeds to be recorded and notified those with whom she had business transactions that she had voluntarily conveyed the properties to the defendant.

The conveyances were attacked upon four grounds: that the grantor was of unsound mind, undue influence by defendant, fraud by defendant, and nondelivery. The trial court found adversely to plaintiff on each issue and the burden of her appeal is that the evidence is insufficient to support the findings.

We have examined the evidence. There is not so much as a substantial conflict. All the evidence shows unmistakably that the grantor was of sound mind, that she was unusually alert for a person of her age, that she was of strong and dominating mind, and that until a few days

before her death, which came suddenly from heart failure, she was capable mentally and physically to carry on her medical practice and to transact her business affairs, and that she did both.

There is no competent evidence tending to prove undue or any influence or fraud on the part of the respondent. This the appellant concedes, but she argues that the burden of proof was on the respondent to show that the transaction was fair and that respondent failed to sustain that burden. The argument is not that the evidence admitted was insufficient to prove the fairness of the transaction, but that the portions of the evidence relating to conversations with the deceased should not be considered for that purpose. If appellant were right it would not help her on this appeal because all the declarations of the deceased could be disregarded without affecting the judgment. ■ The mere relation of parent and child is not sufficient to raise a presumption of fraud or undue influence. (*Broaddus* v. *James*, 13 Cal. App. 464, 472 [110 Pac. 158]; *Wilbur* v. *Wilbur*, 197 Cal. 1, 14 [239 Pac. 332]; *Longmire* v. *Kruger*, 80 Cal. App. 230, 237 [251 Pac. 692].) The advanced age of the grantor is not alone sufficient to raise such presumption. (*Soberanes* v. *Soberanes*, 97 Cal. 140, 146 [31 Pac. 910]; *Johnson* v. *Studley*, 80 Cal. App. 538, 559 [252 Pac. 638].) ■ The fact that the grantor did not seek independent advice in making the transfers does not create the presumption in face of the evidence that she acted freely and voluntarily and with full knowledge and understanding of the transactions. (*Soberanes* v. *Soberanes*, 97 Cal. 140, 146 [31 Pac. 910]; *Wilbur* v. *Wilbur*, 197 Cal. 1, 16 [239 Pac. 332].)

■ Here is a case where the grantor was of sound mind and body voluntarily deeding her property to the only one of her four children who had given her any affection or care during the latter years of her life, and the only one who had aided her with money and labor when she was in financial difficulties. It cannot be the law that a grantee under such circumstances must by a preponderance of evidence satisfy a court or jury that she did not commit a fraud upon her mother. ■ The presumption against fraud approximates in strength the presumption of innocence of crime (27 Cor. Jur. 44, sec. 170; *Truett* v. *Onder-*

*donk*, 120 Cal. 581, 588 [53 Pac. 26]), and this presumption is evidence supporting the finding that the conveyances were the free and voluntary acts of the grantor and that they were not procured through the fraud or influence of respondent.

██ As to the fourth ground—nondelivery—the evidence is that the deeds were recorded by the grantor for the benefit, and with the consent of the grantee. This is *prima facie* evidence of delivery to the grantee (8 R. C. L. 1006, 1009) and is sufficient to support the finding.

There is no error in the record. Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 26, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1929.

All the Justices present concurred.