[Civ. No. 8396. First Appellate District, Division Two.—June 9, 1932.]

MARIANNA MARTIN, Appellant, v. JOS. T. DIAZ et al., Respondents.

H. A. Blanchard and Andrew M. Scorsur for Appellant.

E. H. Christian and E. S. Leslie for Respondents.

TUTTLE, J., *pro tem.*—This is an action to establish a trust in real property. Judgment went for defendants, and this appeal is taken therefrom.

Some forty years ago F. R. Diaz purchased several acres of land near Hayward, Alameda County. He planted some fruit-trees thereon, erected a dwelling, and continued to live there until his death on December 11, 1919. He had two children, Marianna Martin, plaintiff herein, and Jos.

T. Diaz, one of the defendants, who survived him and were his sole heirs at law. When the son became twenty years of age, he worked in the nursery owned by his father. The latter took all his wages, and the son took care of him. In 1903 the son married, but continued to live at the family home. The daughter married, and went elsewhere to live. Her relations with her father were always pleasant, and he visited her at San Jose, and she visited him at Hayward.

On October 26, 1912, the father executed a deed to the home place to his son. The consideration was $10. A life estate, together with all rents and profits, were reserved to the grantor. As related by the son, the circumstances surrounding the delivery of this deed were as follows: ''My father gave me this deed about two months after he had it made. I then put it in the trunk. We always keep the same trunk, my wife and I. My wife told me about it, and my father went and got it, and showed it to me. He showed it to me a month or two after it was made. He asked me if I thought it was right. I told him he could do as he pleased about it. I told him he did right. He put the deed back in the trunk. I told him it ought to be away in a safe deposit on account of fire. He said 'You can have it record if you want to.' I kept it in the house a day or two and then I recorded it, through the bank in Hayward, I asked them to record it. At the time father gave me this deed, or, before that, he stated to me what I should give to my sister, Marianna Martin, the plaintiff. He said, 'Give her $500.00, and she to help pay half of the funeral expenses.' That is what he said at that time.'' The day of the funeral he offered to pay his sister $500, but she refused to accept it. Prior to March, 1914, the sister visited the home of her father and had a conversation with him in relation to this deed which he had made to her brother. She looked for the deed in the trunk, but could not find it. It was recorded on March 30, 1914.

On November 19, 1917, defendant Jos. T. Diaz wrote the following letter to his sister:

''Hayward, Alameda Co., Cal., Nov. 19, 1917

''Dear Sister: Father is getting pretty weak. I have know one to call on but you to help him in the last of is days, he has a short time to live in this world and he leaves

us enough to pay for is trouble. I should think you and I should look after him, he has been laid up for a week and he is not getting the right treatment he got to wait untill I get home at night to do something for him its rather hard to see the way he is living and I can't be home to take care of him I am working out because we need the money and soon will start on the trees I havent any time to look after him to give him is meals he is getting pritty old and feebel and gets does spells often we got to do something we cant expect the strangers to look after him he as deed the place to me so we wouldent spend any money after he is dead and made a will for your share you needent be afraid you be left with out nothing and ·he got 200 dollars in the Bank for is funeral I am willing to do whats right We both got to look after him I .hope you will take this in consideration and do what you can for him he as done all he could for us when we were small he had done all a father could do he had enough trouble when he was younger and work hard for us both now he needs our help he is over 80 years old and I know he won't live many more and I will try and do all I can for him in is last days he has been always in my company and I always tried to do the best I could for him I hope you will consider and try to do your best a woman can do better than a man he is failing away quick something got to be done I dont expet Louisa to treat him like she would treat her father and I would do the same. I cant explain you unless we see each other. Please try and do something for father.

"Your Brother
"J. T. Diaz."

Turning to the complaint, we find the salient portions thereof to read as follows:

"That the said F. R. Diaz, in his lifetime, reposed great faith and confidence in his said son Jos. T. Diaz, the defendant above named, and believing that he would faithfully execute the trust created in him, made, executed and delivered on or about October 26th, 1912, a deed of said property to said defendant Jos. T. Diaz, upon the express understanding and agreement that he would hold the same in trust for said F. R. Diaz during his lifetime, and that upon his death he would hold one-half of said property con-

veyed by said decedent absolutely as his own property, and would deed the other one-half to Marianna Martin, this plaintiff, a daughter of said decedent; and said defendant Jos. T. Diaz accepted said deed to hold in trust as aforesaid, and without having paid any consideration therefor. That said deed was duly recorded in Book 2239 of Deeds, page 180, in the office of the County Recorder of the County of Alameda, State of California, on March 30th, 1914, the record of which deed is hereby referred to and made a part hereof. That by reason of the confidential relations which said F. R. Diaz had with his said son, said defendant herein, Jos. T. Diaz, and the influence which the said defendant had over him, and by reason of the great faith and confidence reposed in him by said F. R. Diaz, deceased, he made, executed and delivered the deed as aforesaid.''

It is further alleged that plaintiff demanded of defendant Jos. T. Diaz that he convey one-half interest in said property to her, but that defendant refused to do so ''and persists in his betrayal of the confidence which said F. R. Diaz, deceased, reposed in him in his lifetime, and in violation of said trust, by refusing to make said conveyance''.

It is prayed that the court decree that the property was deeded to defendant Jos. T. Diaz under the express understanding and agreement that said defendant was to hold it in trust for said F. R. Diaz while he lived, and after his death that he should hold one-half absolutely, and should convey the other one-half to the plaintiff herein, and that thereby a constructive trust was created. There is also a prayer for general relief.

The trial court found against plaintiff upon all the foregoing allegations, and judgment was entered in favor of defendants.

From the allegations of the complaint it is quite clear that plaintiff is seeking to impose upon defendant Jos. T. Diaz a constructive (or, as it is sometimes termed, involuntary) trust, which arises out of the fraud upon the repudiation by the trustee of the parol trust made when he acquired the title. (*Lauricella* v. *Lauricella*, 161 Cal. 61 [118 Pac. 430]; Civ. Code, sec. 2224.) The foregoing rule is, of course, only applicable when a parol trust has been established. Here the court found that no trust was proven,

and there was sufficient evidence to support the finding. It is unnecessary, therefore, to pursue this question any further.

■ Having failed at the trial *to prove the allegations* of her complaint, plaintiff now takes the position that the letter from the son to plaintiff *is, in itself a declaration of* trust, under the provisions of Civil Code, section 852, subdivision 1, and the construction placed thereon by the Supreme Court in the case of *Lynch* v. *Rooney,* 112 Cal. 279 [44 Pac. 565], and *Noble* v. *Learned,* 153 Cal. 251 [94 Pac. 1047]. It is true, as those cases hold, that one who owns real property, may, while retaining the legal title, so deal with it as to make himself a trustee for the benefit of another. It nowhere appears in the record, however, that this contention was ever made at the trial. There is no suggestion of it. This theory of recovery was not presented in the pleadings. We assume therefore, that the letter was introduced to impeach the testimony of defendant Jos. T. Diaz, upon the issue as to whether or not the father intended to create a trust when he executed his deed. As a general rule, an issue not presented by the pleadings cannot be considered upon appeal. (*Conway* v. *Citrus Belt Land Co.,* 94 Cal. App. 533 [271 Pac. 525].) For instance, where in an action for the specific performance of an alleged oral contract to devise real property, the pleadings and proof are based upon the theory that a contract was made, the theory of a resulting trust in the property cannot be advanced for the first time on appeal. (*Blanc* v. *Connor,* 167 Cal. 719 [141 Pac. 217].) We might add, however, that in our opinion this letter fails to clearly denote the intention to relinquish the beneficial interest of Jos. T. Diaz in the property *in praesenti,* and to hold it for the benefit of plaintiff, according to the rule laid down in the case of *Noble* v. *Learned, supra.*

Summing up the situation, plaintiff sought to establish a constructive trust arising out of the repudiation of an agreement to hold the real property in trust. Upon sufficient evidence, the trial court found that no such agreement was ever made, and further inquiry upon that issue is foreclosed. Upon appeal, plaintiff seeks for the first time to establish a trust arising out of a letter written by defendant Jos. T. Diaz to her. This issue and theory was not pre-

sented in the pleadings or proof. Under such circumstances, it is the rule that an appellant is not entitled to urge the point here.

■ It is contended that in any event plaintiff is entitled to a judgment for $300. Presumably this is the balance left of the $500 mentioned in the letter, after expenses had been deducted. Defendant Jos. T. Diaz testified that upon the day of the father's funeral, he offered to pay plaintiff $500 if she would pay the funeral expenses and that she would not listen to him. She stated to him that she did not want the $500, but that she did want the land, as it was worth more. Plaintiff testified that upon the day her father died, her brother stated that the place was deeded to him, and that her share was $500. She replied: "I will not—you won't slip that up on me. He left no money, I know, only $200.00 in the bank for a good many years, and I want the piece of land he left me." At the trial the court stated that permission would be granted to plaintiff to amend her complaint in respect to recovery of this $300, but she refused to do so. No personal property was mentioned in the pleadings. We believe that plaintiff, by her acts and conduct as indicated, has placed herself in a position where she should not now be heard to complain in respect to this matter. We do not feel disposed to disturb the judgment under such circumstances.

Several other points are raised by appellant. We have carefully considered them, but find they are devoid of merit.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.