[Civ. No. 3763.   Fourth Dist.   Apr. 25, 1949.]

JOAQUIN B. DENIZ, as Administrator, etc., Appellant, v. JACK FERRAIZ, as Executor, etc., Respondent.

Clarence H. Wilson for Appellant.

O. L. Duemler and J. O. Revis for Respondent.

GRIFFIN, J.—Plaintiff and appellant, Joaquin B. Deniz, as administrator of the estate of Joe B. Deniz, deceased, filed this action against defendant and respondent Jack Ferraiz,

as executor of the last will of Caroline Xavier, deceased, to have a deed executed by Joe B. Deniz to Caroline Xavier, covering a house and lot in Los Angeles County, declared to be a mortgage and to declare that the loan which the mortgage secured was paid in full. A prayer for a reconveyance of the property to plaintiff's estate, and for an accounting for rents received followed. Defendant answered and denied that the deed was intended for a mortgage and denied that the loan was paid. After trial, the court, sitting without a jury, entered judgment in favor of defendant. The crucial finding was that the deed was not intended as a mortgage. Judgment was entered accordingly.

Plaintiff's contention is that the evidence does not support the finding to this effect. Joe B. Deniz executed the grant deed of the property to his sister Caroline in 1939. It was recorded shortly thereafter. Deniz died on January 17, and Xavier on March 14, 1947. There was no direct evidence as to the circumstances under which the deed was executed. Plaintiff testified that, on the date the deed was executed, he was living in Merced County and his sister Caroline and his brother Joe were living together in Tulare County; that Joe had poor eyesight, was uneducated and could not read, but could sign his name; that Caroline lacked similar educational qualifications. He then testified that he was present when 40 or 50 conversations were had between Joe and Caroline about the property; that several times Joe said Caroline had loaned him money and that Joe had paid her back and was demanding that the property be deeded back to him; that Caroline would say that she was going to do so as soon as they went to town; that plaintiff tried to persuade her to deed it back but Caroline said Joe still owed her $1,000; that the house was rented at times from $37 to $90 per month; that it was registered to Joe, as owner, in the O.P.A. office and that he collected the rent up to the time he died, by checks made payable to him; that there was a loan on the property in 1939 and Joe made all payments thereon and paid all taxes; that a note dated October 3, 1939, signed by Joe, payable to Caroline, was found among Joe's papers after his death but no chattel mortgage, as mentioned in the note, was found.

A Mrs. C. Costa, housekeeper for Joe for about nine years, testified that in 1937, Joe met with a serious accident and never completely recovered; that she did most of his business for him; that in 1937, Joe's truck was attached for a grocery

bill and Caroline paid the balance due; that in 1940, Joe transferred the pink slip of his truck to Caroline; that Joe and Caroline later lived on the property in Los Angeles; that on occasions she heard Joe ask Caroline to return the deed and she said "No" because Joe would leave the property to the housekeeper for work done by her for him; that Caroline said, in 1945, that all of Joe's debts to her had been paid; that she "understood" the deed was made as security for the money Joe owed Caroline; that when the rent was paid on the property to Joe he would pay it over to Caroline.

Other witnesses testified that Joe and Caroline were, on occasions, fighting about the property, and Joe told her he wanted a deed to it, and Caroline said when she got back to the bank she would obtain the deed, or that she would not give him a deed because she did not owe him anything, or she was afraid he would give the property to the housekeeper.

Defendant's witness, a Mrs. John Costa, testified that about a week before his death Joe told her that he had deeded the property to his sister and he did not think he was doing anything more than right in giving it to her and it would be up to her to do what she wanted with it before her death; that Joe wanted to sell the home in Hanford because he was pretty sick and did not think he had long to live and that the property here in question was "already fixed"; that Joe and Caroline said they had helped each other out with money; that when he was sick and needed help, she would help him out; that when she was sick and needed money, he would help her out; that Deniz also told her that Caroline could do what she wanted with the property before she died and that he wished her to have the house; that Deniz made no reference to any claim that he had deeded the property to his sister to secure a loan, but did state that as she had been taking care of him and his four children, "I provided for my sister that had provided for me"; that Deniz never asked Caroline to return the deed while in her presence. This witness was not related to any of the parties nor to any of the witnesses in the action.

■ Immediately, plaintiff is confronted with the presumption that a deed absolute on its face is presumed to be what it purports to be, and the burden of proof is upon the party claiming that it is only a mortgage. (*Kohn* v. *Parent*, 174 Cal. 570, 571 [163 P. 1008]; *Duncan* v. *Ledig*, 90 Cal.App.2d 7 [202 P.2d 107].) ■ Under such circumstances, it must appear to the trial court, beyond reasonable controversy,

that it was the intention, not only of one but of all of the parties that the deed should be a mortgage. (*Wehle* v. *Price*, 202 Cal. 394, 396 [260 P. 878].)

Plaintiff concedes the rule but argues that the undisputed evidence shows that the presumption above mentioned was completely overcome and dispelled by the evidence opposed to it and no other conclusion could be drawn from the facts established except that the deed was intended as a mortgage and that a confidential relationship existed between Joe and his sister Caroline.

■ In addition to the presumption that the deed was absolute on its face, there is the added testimony that Caroline and Joe Deniz had helped each other out with money, over a period of years; that Joe permitted her to retain title to the property for many years and until his death. He took no steps toward regaining title during this period. While there is ample evidence opposed to defendant's evidence and the inferences and presumptions arising therefrom, plaintiff's evidence only creates a conflict therewith. The trial judge was the one to determine that issue. It is the considered opinion of the trial judge that should prevail, where the evidence is conflicting, and all reasonable presumptions and inferences are to be indulged in favor of the correctness of his findings. (*People* v. *Jefferson*, 31 Cal.App.2d 562, 566 [88 P.2d 238]; *Chichester* v. *Seymour*, 28 Cal.App.2d 696 [83 P.2d 301]; *Watwood* v. *Steur*, 89 Cal.App.2d 620 [201 P.2d 460].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.