[Civ. No. 19098.   Second Dist., Div. Two.   Nov. 7, 1952.]

CORWIN TOWNSEND, Appellant, v. VESTAMAE WINGLER et al., Respondents.

Stanley M. Evans for Appellant.

Gordon Stater for Respondents.

FOX, J.—Plaintiff brought this action against his daughter and her husband, alleging that in July, 1948, he conveyed two parcels of real property and assigned a trust deed note to her as collateral security for loans to him aggregating "about $10,000," which he alleged had been repaid to her out of the proceeds from the collateral. Plaintiff demanded a reconveyance of the property and an accounting.

Defendants denied the property was conveyed as collateral security for any loan. They affirmatively alleged the conveyances were for a good and valuable consideration, and that plaintiff had no interest in the property; that the property was conveyed pursuant to a written agreement between plaintiff and his daughter (which was approved by her husband) whereby defendants agreed to provide funds for plaintiff to carry on certain litigation in which he was then engaged and for other purposes, and to pay plaintiff $100 per month for ten years, or the balance of his life, whichever was longer; that pursuant to this agreement they had paid to plaintiff, or for his benefit, more than $16,000, and had provided him with funds and benefits in excess of $100 per month. They further state that they have at all times complied with said agreement and have never denied their obligation thereunder, and that plaintiff has received and accepted, and continues to accept, all the benefits under the agreement.

The court resolved the issues in favor of the defendants and rendered judgment that plaintiff take nothing. He appeals from the judgment.

Plaintiff challenges the sufficiency of the evidence to sustain the findings and judgment. His contention, however, is not well founded. ██ The burden of showing that these conveyances were mortgages was upon him. (*Wehle* v. *Price,* 202 Cal. 394, 396 [260 P. 878] ; *Deniz* v. *Ferraiz,* 91 Cal.App. 2d 416, 418 [205 P.2d 113] ; *Gronenschild* v. *Ritzenthaler,* 81 Cal.App.2d 138, 144 [183 P.2d 720].) "The presumption is that a deed is what it purports to be and one who seeks to overcome such presumption has the burden of producing clear and convincing proof." (*Spataro* v. *Domenico,* 96 Cal.App.2d

411, 413 [216 P.2d 32]; *Beeler* v. *American Trust Co.*, 24 Cal. 2d 1, 7 [147 P.2d 583].) ██ "Whether the evidence offered to change the ostensible character of an instrument is clear and convincing is a question for the trial court and its determination in favor of either party upon conflicting or contradictory evidence is not open to review on appeal." (*Spataro* v. *Domenico, supra; Beeler* v. *American Trust Co., supra; Baines* v. *Zuieback,* 84 Cal.App.2d 483, 488 [191 P.2d 67].) ██ Here plaintiff sought, principally by various conversations, to establish that these deeds did not convey an absolute title but were in fact given as and understood to be security for certain loans. The defendants deny any loan, security or mortgage arrangements with respect to the conveyances. They produced a written agreement which plaintiff, an attorney in this state for many years, had prepared, and which was signed by him and his daughter and approved by her husband, which set forth the terms of their agreement. This document contains no suggestion that the property was to be conveyed as security or that plaintiff retained any interest in it. In weighing the evidence and resolving the conflict the trial court was entitled to consider the fact that at a previous hearing on supplemental proceedings by a judgment creditor plaintiff testified that he had no equity or interest in these properties. The determination by the trial court of this factual question adversely to plaintiff is binding on this court. (*Spataro* v. *Domenico, supra.*)

In his brief in this court plaintiff for the first time seeks to attack the transaction on the grounds of undue influence, fraud and coercion. He argues that there is a presumption that the deeds and the contract between him and his daughter are vitiated upon these grounds and that the burden was upon defendants to establish they were free from such taint. ██ The relationship of parent and child, *per se,* is not creative of any inference of imposition, undue influence or fraud. (*Jorgensen* v. *Dahlstrom,* 53 Cal.App.2d 322, 333 [127 P.2d 551]; *Best* v. *Paul,* 101 Cal.App. 497, 499 [281 P. 1089]; *Carleton* v. *Bonham,* 60 Cal.App. 725, 738 [214 P. 503]; 20 Cal.Jur., p. 443, § 41.) ██ It is suggested that such an inference arises by reason of the fact that plaintiff was past 70 years of age when these transactions took place. This is not true. Even the advanced age of a grantor is not alone sufficient to raise such an inference or presumption. (*Soberanes* v. *Soberanes,* 97 Cal. 140, 146 [31 P. 910, 17 L.R.A. 301]; *Johnson* v. *Studley,* 80 Cal.App. 538, 559 [252 P. 638]; *Best*

v. *Paul, supra*.)　█　The burden was upon plaintiff to show, as a fact, that the deeds he prepared and executed, and the contract he prepared and signed, were induced through fraud, undue influence, or coercion on the part of defendants. (*Carleton* v. *Bonham, supra*, 739; *Jorgensen* v. *Dahlstrom, supra*.) This he failed to do. He did not raise any such questions by his pleadings. He simply alleged that the deeds were ''delivered to defendant [his daughter] as collateral security for cash loans from her to him aggregating about $10,000.'' Furthermore, during the trial plaintiff, who represented himself, did not suggest any such theory. He told the court he relied on Civil Code sections 2924 and 2925.\* He read these sections to the court and referred to them on seven different occasions during the course of the trial.　█　To permit him now to change his position and adopt a different theory on appeal would be manifestly unfair to the defendants. (2 Cal.Jur., p. 237.) Ordinarily an appellate court will not consider a theory of a case different from that relied on in the trial court and which is presented for the first time on appeal. (*Grimes* v. *Nicholson*, 71 Cal.App.2d 538, 543 [162 P.2d 934]; *Blanc* v. *Connor*, 167 Cal. 719, 726 [141 P. 217]; *Martin* v. *Diaz*, 124 Cal.App. 200, 205 [12 P.2d 57]; *White* v. *City of San Diego*, 126 Cal.App. 501, 507 [14 P.2d 1062]; *Rohl* v. *Van Cleve*, 90 Cal.App.2d 317, 321 [202 P.2d 807].)

█　There is no merit in plaintiff's contention that the findings are inconsistent and contradictory. The real issue was whether the conveyance of the property was absolute or as security for a loan. On this issue the court found that ''the conveyance . . . was not made as a mortgage and there was not a loan transaction between plaintiff and either of said defendants in connection with any of the matters . . . alleged in the complaint and plaintiff has no equity in, or redemption rights to said property, . . . and said conveyances . . . were absolute and without any restriction or conditions, or collateral loan agreement.'' This finding is both clear and specific, and supports the judgment.　█　''It is an established rule that

---

\*The pertinent portion of section 2924 reads as follows:
''Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage,  . . .''
Section 2925 reads: ''The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument.''

all the findings should be read together and so construed as to uphold rather than defeat the judgment, and to that end the findings are to be liberally construed and any inconsistency therein is to be resolved, if reasonably possible, in favor of sustaining the judgment.'' (*Davis* v. *Stulman,* 72 Cal.App.2d 255, 262 [164 P.2d 787].) Reading the findings in the light of these principles it cannot be said that there is serious or substantial inconsistency or contradiction therein.

There was no prejudicial error in the admission or exclusion of evidence, or in the other rulings of the trial court.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.