[Civ. No. 19636.   Second Dist., Div. Two.   Apr. 20, 1954.]

EDWARD GERING, Respondent, v. CHURCH OF REAL-
IZATION OF HOLLYWOOD (a Corporation) et al.,
Appellants.

John C. Miles and J. Wallace McKnight for Appellants.

Charles C. Montgomery, Jr., for Respondent.

FOX, J.—In the first cause of action of his amended com-
plaint* plaintiff alleged that on or about December 10, 1948,
the defendant church, acting through its duly authorized
agent, defendant Lawrence Elliott, "entered into a lease"
with him whereby the church agreed that plaintiff could use
a hall belonging to the church for a period of one year in re-
turn for plaintiff's agreement to produce plays in said hall
and give the church the income from the sale of tickets.   A

---

*There is a second cause of action for reimbursement of alleged ex-
penditures, but it is not material on this appeal.

copy "of such lease" was attached. Plaintiff took possession of the hall the next day and began to conduct his business therein, viz., casting, directing and producing plays. He remained in possession and continued to conduct his business therein until the end of the term, December 10, 1949, and performed all his obligations "under the lease." He alleged that defendants, however, by a series of harassments, some of which he enumerated, made it impossible for him to conduct his business in an orderly manner. He charged that his business was destroyed, and that he suffered "general damages in the sum of $3,000.00 for breach of the implied covenant of quiet enjoyment." Plaintiff further alleged that he "was deprived of the actual use of said premises to conduct his business in an orderly manner after May 19, 1949"; that "the reasonable value of *the loss of the use* of said premises is. and has been, at all times herein mentioned, $150.00 per week"; and that "by reason of said *deprivation of use,* plaintiff was damaged in said sum every week between May 19, 1949, and December 10, 1949, or a total of $4,200.00" (Italics added.)

The trial court found all the allegations of the amended complaint true. It concluded, however, that plaintiff was not entitled to recover any general damages, but was entitled to judgment for $4,200 on his first cause of action. This makes up the principal portion of the judgment, from which defendants appeal.

Defendants contend there is no evidence to support the finding of $4,200 damages on the first cause of action. Their position must be sustained.

Plaintiff's amended complaint is based on a writing which he designated "a lease," and which he repeatedly referred to as such. The landlord-tenant relationship is further emphasized by plaintiff's allegation that he "suffered general damages . . . for breach of the implied covenant of quiet enjoyment." At the outset of the trial the court's attention was focused on the theory that plaintiff's cause of action grew out of a lease, for his counsel advised the court in his opening statement that the acts of the defendants resulted in a constructive eviction of plaintiff. In its findings the court adopted plaintiff's lease theory of the transaction. Thus the allegation that the church, through its duly authorized agent defendant Lawrence Elliott, "entered into a lease with the plaintiff," is found to be true, as, of course, are all the other allegations which similarly characterize the transaction.

It was, however, found that "plaintiff remained in possession at all times up to December 10, 1949," which was the end of the term, and that he "continued to conduct his business in said hall" during all of this time. Plaintiff sought recovery upon two theories: (1) general damages, and (2) "loss of use" of the hall from May 19, 1949, to the end of the term, viz., the 10th of the following December. General damages were specifically denied. Damages for "deprivation of use" were alleged to be $150 per week after May 19th to the end of the term. At this weekly rate such damages totaled $4,200, which is the amount of the court award. ■ It will be recalled that "the lease" did not fix any rental rate or value. There was, however, testimony that the reasonable rental value of such a hall for little theater purposes was from $125 to $150 per week. It is obvious that the court based its finding and judgment on such testimony, allowing the higher figure. It failed, however, to take into account the fact that plaintiff "remained in possession at all times" up to the end of the term and "continued to conduct his business" there during such period. There was *no evidence* of the reasonable value of plaintiff's use of the hall during the time here in controversy. The reasonable value of plaintiff's use and occupancy of the premises during the period in question should have been ascertained and deducted from the total rental value of $4,200. Only in this manner could the court ascertain "the reasonable value of the loss of use of said premises" which plaintiff seeks to recover.

■ Realizing the weakness of his position, plaintiff has sought to shift his position on appeal. He now emphatically declares that the writing signed by the parties "is *not a lease*." He thus seeks to detach the judgment from his allegation and the finding that he had a one year lease on the hall and that he is seeking to recover "the reasonable value of the loss of the use of said premises" for 28 weeks. He then proceeds to "speculate as to several possible theories which the trial court might have adopted" in arriving at the amount of $4,200 damages. None of these speculative theories relate to the "loss of use" of the hall on which he based his right of recovery. They relate to entirely different matters. Thus plaintiff has attempted to change the theory of his case on appeal. This he may not do for it would be manifestly unfair to the defendants. (*Estate of Raphael,* 115 Cal.App.2d 525, 528 [252 P.2d 979]; *Corcoran* v. *San Francisco etc. Retire-*

*ment System,* 114 Cal.App.2d 738, 745-746 [251 P.2d 59]; *Townsend* v. *Wingler,* 114 Cal.App.2d 64, 68 [249 P.2d 613].)

In view of our conclusion it becomes unnecessary to consider other questions the parties have raised.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 16, 1954.